LINCOLN NATIONAL BANK, Chicago, Illinois, a national banking association, Plaintiff,

v.

William H. KAUFMAN, Defendant.

No. 75–71374.

United States District Court,
E. D. Michigan, S. D.

Jan. 15, 1976.

Robert A. Hudson, Hoops & Huff, Detroit, Mich., for plaintiff.

Morton H. Collins, Collins & Einhorn, Southfield, Mich., for defendant.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

CORNELIA G. KENNEDY, District Judge.

Plaintiff has moved for summary judgment in this action, which seeks the unpaid balance due on a note together with interest, costs and attorney's fees.

Many of the facts do not appear to be in dispute, although there is some difficulty with whether the facial record sufficiently establishes certain facts to permit the Court to grant summary judgment. Defendant's response to the motion maintains that there are material facts in dispute.

On November 1, 1973 defendant signed a note, payable to plaintiff on demand, for $83,000.00. This note was secured by a bond of the Consolidated Edison Company of New York. Interest on the note was fixed at 10¾ percent. Apparently, because it was a demand note, the bank adjusted the interest rate from time to time.

With the expressed consent of the defendant, plaintiff sold the bond in which it had a security interest and applied the proceeds, $55,413.89, to the principal. Certain other reductions in the principal have also been made. First, one of the interest payments from Consolidated Edison was applied to the principal on April 19, 1974. The amount applied was $3,950.00. In addition, defendant made three or four monthly installment payments of $600.00 each during the period July through October, 1974. The plaintiff's ledger entries (and the amount that plaintiff's motion claims is now owing) indicate that there were three such payments. However, the complaint and the demand for admissions that the plaintiff served on defendant indicate that four payments were made. Defendant has "admitted" making four such payments. The Court concludes that there is no material dispute that four were made.

Aside from the confusion over the three or four monthly payments, there is the question whether the note, attached as Exhibit A to the complaint, is in fact that signed by plaintiff. The copies that are attached to the complaint and the request for admissions have some alterations, i. e., a notation indicating a change in the amount at the upper right-hand corner, and a change-of-interest-rate sticker has been placed on the face of the note, obscuring some of the terms. With these exceptions defendant has admitted this is the note. Plaintiff has not supplied any affidavit which indicates these additions or changes were part of the note. Defendant has said that the signature appears to be his and has admitted execution of a note in the amount of this note. (Answer No. 2 to Demands for Admission). Neither the terms of the note which are obscured, nor the interest rate sticker are material to the issues in this action. The amount shown on the upper right corner of Exhibit A is obviously plaintiff's calculation of the amount remaining due at some point and is not claimed to be the amount of the note.

Defendant's response to the motion asserts that there are factual questions that cannot be resolved on this motion. Essentially, defendant claims that several items that should have been credited to his account have not been so credited, and thus it is not possible to say how much is owed.

As to two of these claimed payments—$4,250.00 on April 12, 1973 and

$4,383.73 on April 17, 1973—it appears from plaintiff's answers to interrogatories that in fact only the latter was actually a payment received. The $4,250.00 was an estimate of amount to be paid; the $4,383.73 was the amount paid after exact computation. The ledger entries accompanying the answers to interrogatories indicate that this amount was applied to interest accruing on an earlier loan from plaintiff to defendant. The payment was made approximately seven months before the note sued upon here was executed, and the entire $4,378.73 was exhausted by the interest accruing on the prior loan before this note was executed. The Court is of the opinion that the execution of the $83,000.00 note on November 1, 1973, constitutes the kind of voluntary settlement which waives any claim of usury as to the previous obligation. See *Wright v. First National Bank*, 297 Mich. 315, 326–28, 297 N.W. 505 (1941).

Next, defendant argues that there is an issue of fact regarding whether plaintiff credited an $8,000.00 prepayment of interest. Plaintiff's ledger entries show the crediting of these funds in marginal notes at the left upper corner. Moreover, plaintiff requested that defendant admit the genuineness of a letter purporting to be from defendant to plaintiff reciting that it was accompanied by the $8,000.00 for "advance payment of interest on my note." Defendant admitted the genuineness of the letter. Defendant does not appear to dispute that he made such an $8,000.00 payment. Thus, there are no material issues of fact.

Defendant's answer both to the complaint and the motion for summary judgment denies liability on the ground that the interest rate specified is usurious. There seems little doubt that the Michigan Usury Statute, M.S.A. § 19.15(1), M.C.L.A. § 438.31 is applicable to this case. The maximum interest rate which can be charged defendant, an individual, under the circumstances here, is seven percent. A subsequent section contains the following provision regarding the effect of a loan with a higher interest rate:

Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns. M.S.A. § 19.-15(2), M.C.L.A. § 438.32.

Despite some attempts by plaintiff to argue that it is entitled to the amounts of interest that have accrued in excess of the $8,000.00 prepayment, the plain language of the statute precludes such an affirmative recovery of a judgment for the interest due but unpaid.

The remaining question is how the $8,000.00 should be treated. There are no cases that have decided this question under the language at the present section 19.15(2), which was adopted in 1966. Under the prior version of the Statute, the Michigan Supreme Court had long held that any payments made, even if designated as interest by the parties, would be applied to reduce the principal owing when the lender sued to collect the debt. The language of the prior statute provided:

No bond, bill, note, contract or assurance, made or given for, or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon. C.L.1948, § 438.52.

The Michigan Supreme Court held in *Gladwin State Bank v. Dow*, 212 Mich. 521, 538–39, 180 N.W. 601, 607 (1920):

We are satisfied that by the overwhelming weight of authority in this state and elsewhere two propositions are established . . . (2) that as between the parties to the transaction or holders with knowledge all payments of usurious interest made on the series of notes will be applied by the law to the extinguishment of the debt, and this even though the parties have treated such payments as payments of interest. To hold otherwise would be but to point a way to the evasion of this beneficent statute.

Accord, *Union Guardian Trust Co. v. Crawford*, 270 Mich. 207, 211–12, 258 N.W. 248 (1935); *Leon v. Zlatkin*, 265 Mich. 225, 229–30, 251 N.W. 377 (1933).

■ Plaintiff argues that defendant's conduct should be construed as waiving the defense of usury. Plaintiff asserts that defendant accepted the loan with a usurious rate of interest and made a number of payments. However, the Michigan Supreme Court has rejected the contention that even an explicit waiver of the defense of usury at the time of the making of the loan is effective as a waiver. *Leon v. Zlatkin*, 265 Mich. 225, 251 N.W. 377 (1933).

■ As to the possible effect of payments as waiving a usury defense, the decisions of the Michigan Courts clearly indicate that there is such a waiver only in the sense that a borrower may not recover sums paid as interest on a usurious loan. *Michigan Mobile Homeowners Assoc. v. Bank of the Commonwealth*, 56 Mich.App. 206, 223 N.W.2d 725 (1974), and cases cited therein. Thus when the entire loan, with interest, has been repaid, the borrower has waived his defense. E. g., *Wright v. First National Bank*, 297 Mich. 315, 297 N.W. 505 (1941). However, partial payments do not have this effect. See *Leon v. Zlatkin*, 265 Mich. 225, 251 N.W. 377 (1933); *Gladwin State Bank v. Dow*, 212 Mich. 521, 180 N.W. 601 (1920).

■ While, as noted above, there are no cases considering the treatment of prepaid interest under the present statute, one recent Michigan Court of Appeals case dealing with the impact of the 1966 amendment is helpful. In *Michigan Mobile Homeowners Assn. v. Bank of the Commonwealth*, 56 Mich.App. 206, 223 N.W.2d 725 (1974), the court stated:

As noted above, 1966 PA 326 changed the language of the enforcement section of the general usury law. Plaintiffs herein argue that the language changes made by the 1966 revision evidence a legislative intent to now empower borrowers to bring an independent action to recover interest paid on usurious contracts. It will suffice to say that we find nothing in the 1966 language which compels that conclusion. Indeed, since it must be presumed that the Legislature was aware of the construction given the 1891 statute [C.L.1948, § 438.52, set out earlier], we hold that the lack of any clear statement by the Legislature to the effect that recovery of interest could now be had in an independent suit by borrowers is indicative of the fact that the Legislature intended no change from the prior procedure. 56 Mich.App. at 214–15, 223 N.W.2d at 729.

Analysis of the language changes with regard to whether prepaid interest is to be applied to principal leads to a similar conclusion. The older law applied to any loan, "whereon a greater rate of interest has been directly or indirectly, reserved, taken or received, than is allowed by law." The present statute is applicable to "Any contract or agreement which does not comply with the provisions of this act." Perhaps one could argue that the prior language was making explicit reference to such devices as prepaid interest. However, since the transaction involved in this case would constitute "charging interest in excess of that allowed" by the act, the present language clearly covers this situation. If prepaid interest did not come within this language of the present statute, it could only be because it was not usury.

Moreover, while the present statute states that the seller or lender "is barred from the recovery of any interest . . .," while the prior language said that "the defendant shall not be compelled to pay any interest thereon," any argument that the change would permit prepaid interest to be retained is at best strained. There is simply no evidence of a legislative intention to so modify the prior usury law. The usury statute makes no distinction between the wealthy borrower and the poor borrower, or between borrowing for business purposes and other purposes. Its intent is to prevent all loans to individuals at usurious interest. The Court is unwilling to sanction a blatant avoidance of the usury statute by the device of prepaid interest.

The record before the Court indicates that the following payments should be applied to reduce the $83,000.00 principal amount of the loan: $8,000.00 "prepaid interest;" $3,950.00 interest from Consolidated Edison bond; $55,413.89 proceeds from sale of Consolidated Edison bond; and four payments of $600.00 each. This leaves a balance owing of $13,236.11. Plaintiff is entitled to summary judgment in this amount.

It is so ordered.