LEAHY v HENRY FORD HOSPITAL

Docket No. 77-2752. Submitted June 14, 1978, at Detroit.—Decided July 18, 1978.

In 1970, Helen E. Theisen entered Henry Ford Hospital for a gall-bladder operation. As part of her post-surgical care she was administered an intravenous fluid manufactured by Abbott Laboratories. Helen E. Theisen then contracted a bacterial infection either because the fluid was improperly administered or improperly manufactured, or for some other reason. Helen E. Theisen commenced an action against the hospital and Abbott Laboratories and others. The hospital and its administrators were charged with negligence in allegedly having administered contaminated intravenous fluid. Abbott was originally charged with negligence and breach of warranty for allegedly having manufactured and sold contaminated intravenous fluid. Subsequently Helen E. Theisen died and the complaint was amended on July 18, 1974, to substitute William W. Leahy and David M. Leahy, co-administrators of her estate, as plaintiffs. The complaint was amended a second time, on June 4, 1976, to add a claim of certain alleged statutory violations by defendant Abbott in the marketing of allegedly contaminated intravenous fluid. After being unsuccessful in attempts to obtain copies of all data prepared during the defendant hospital's investigation, the plaintiffs then sought to amend the complaint at a pre-trial hearing on May 24, 1977, to add an alternative allegation that the bacterial infection contracted by the decedent might also have been caused by negligent administration of intravenous fluid by defendant hospital. This motion to amend the complaint was denied in an order of June 20, 1977, on the ground that it stated a new theory, Wayne Circuit Court, Michael L Stacey, J. Plaintiffs appeal by leave granted. *Held:*

The reasons stated on the record by the trial judge for denying the motion were insufficient to constitute findings of fact as to why justice would not be served if the amendment

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading §§ 309, 317.
[2] 61 Am Jur 2d, Pleading § 310.

had been allowed. The granting of the motion would not have resulted in undue prejudice to the defendants.

Reversed and remanded.

1. MOTIONS—COMPLAINTS—MOTIONS TO AMEND—DISCRETION—COURT RULES.

The decision of whether to allow or deny a motion to amend a complaint is within the trial court's discretion; however, that discretion is not unlimited and in the absence of any apparent or declared reason, the leave sought should be freely given (GCR 1963, 118.1).

2. MOTIONS—COMPLAINTS—MOTIONS TO AMEND—STATEMENT BY TRIAL COURT.

A trial court, in denying a motion to amend a complaint, must state specific reasons why justice would not be served if the amendment were allowed.

*Fischer, Franklin & Ford* (by *William C. Potter, Jr.*), for plaintiffs.

*Kitch & Suhrheinrich, P. C.* (by *James G. Smith* and *James P. DeClercq*), for defendant Henry Ford Hospital.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

BEASLEY, J. Plaintiffs appeal by leave from a June 20, 1977, order denying plaintiffs' motion to amend their second amended complaint. The original complaint in this action relates back to an incident in 1970. The facts, as taken from the pleadings of the parties, are briefly these. Plaintiffs' decedent entered defendant hospital during that year for a gall bladder operation. As part of her post-surgical care, decedent was administered intravenous fluid manufactured by defendant Abbott Laboratories. Either because the fluid was improperly administered or improperly manufac-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tured, or for some other reason, decedent contracted a bacterial infection.

It is alleged that other patients at defendant hospital contracted the same type of infection at about the same time, and that the hospital conducted an internal investigation and concluded that the fluid had been administered in a normal fashion. They also allegedly concluded that the fluid was at fault and must have been contaminated when it left the defendant laboratory manufacturer.

The instant action was begun while decedent was still alive and has been carried on by her administrators. Defendant Abbott Laboratories was originally charged with negligence and breach of warranty for allegedly having manufactured and sold contaminated intravenous fluid. Defendant hospital and its administrators were charged with negligence in allegedly having administered contaminated intravenous fluid.

The complaint was first amended on July 18, 1974, after decedent's death. That amendment substituted the present plaintiffs in her place. The complaint was amended a second time on June 4, 1976, to add a claim of certain alleged statutory violations by defendant laboratories in the marketing of the allegedly contaminated intravenous fluid.

During discovery, counsel for defendant laboratories took the position that the bacteria contracted by decedent was hospital-acquired through improper handling of otherwise uncontaminated fluid. Plaintiffs were unsuccessful in their attempts to obtain copies of all data prepared during the defendant hospital's investigation of the incident. Leave to appeal the trial court's denial of plaintiffs' motion to produce was denied by this Court

on May 21, 1976, and by the Supreme Court on May 6, 1977.

Plaintiffs then sought to amend the complaint at a pre-trial hearing on May 24, 1977, to add an alternative allegation that the bacteria contracted by decedent might also have been caused by negligent administration of intravenous fluid by defendant hospital. The motion was denied in an order of June 20, 1977, on the ground that it stated a new theory. From that denial, plaintiffs appeal by leave granted.

On appeal, plaintiffs contend that there was no showing that allowing the amendment of the complaint would prejudice defendants, and, therefore, the trial court erred in denying plaintiffs' motion to amend. We would agree.

The decision of whether to allow or deny a motion to amend a complaint is within the trial court's discretion.[1] However, that discretion is not unlimited, and " 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, "freely given" ' ".[2] In denying a motion to amend, the court must state specific reasons why justice would not be served if the amendment were allowed.[3]

In the instant case, the trial court explained his reason for denying plaintiffs' motion to amend as follows:

---

[1] *Simonelli v Cassidy,* 336 Mich 635; 59 NW2d 28 (1953).

[2] *Ben P Fyke & Sons v Gunter Company,* 390 Mich 649, 656; 213 NW2d 134 (1973), quoting from *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962), GCR 1963, 118.1.

[3] *Goldsmith v Moskowitz,* 74 Mich App 506; 254 NW2d 561 (1977).

"THE COURT: It seems to me you are in effect starting a whole new lawsuit, a whole new cause of action and these matters have to be resolved some place.

"I will deny your motion."

We hold that the above statement is not sufficient to constitute findings of fact as to why justice would not be served if the amendment had been allowed.[4] Nor are we convinced from a review of the record that granting of the motion would have resulted in undue prejudice to defendants.[5] The plaintiffs' motion to amend the second amended complaint should have been and is hereby granted. The case is remanded to the trial court for further proceedings.

Reversed and remanded.

---

[4] *Goldsmith v Moskowitz, supra.*

[5] *Grove v Story Oldsmobile, Inc,* 31 Mich App 613; 187 NW2d 923 (1971), *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), *lv den,* 394 Mich 762 (1975).