## WALLACE v PATTERSON

Docket No. 77-3511. Submitted June 21, 1978, at Detroit.—Decided August 21, 1978. Leave to appeal applied for.

Charles Wallace commenced a personal injury action against Linda Patterson, administratrix of the estate of Kenneth D. Patterson, deceased, .on March 17, 1976, ten days prior to the running of the statute of limitations for personal injury actions. The defendant filed an answer on July 14, 1976, and subsequently filed a counterclaim on December 30, 1976. The plaintiff filed a motion for partial summary judgment on the basis that the counterclaim was barred by the statute of limitations. Partial summary judgment was granted, limiting the defendant's counterclaim to the setoff amount established by plaintiff's claim. The defendant's untimely motion for rehearing was denied, Wayne Circuit Court, Thomas J. Roumell, J. The defendant appeals by leave granted. *Held:*

The defendant's counterclaim should not be limited to a setoff established by the plaintiff's claim since the purpose of the statute of limitations is to bar stale claims and where a counterclaim arises out of the same incident as the complaint, the counterclaim is no more stale than the complaint. Fair play and justice mandate that the defendant be able to assert her counterclaim arising out of the same occurrence where it was brought within a reasonable time during the pendency of the lawsuit.

Reversed and remanded.

1. Limitation of Actions—Stale Claims—Counterclaims—Same Incident.

Statutes of limitations are statutes of repose and are designed to bar stale claims; however, where a counterclaim arises from the same incident as the complaint, the counterclaim is no more stale than the complaint; simple justice dictates that if the plaintiff is given an opportunity to present a claim for

References for Points in Headnotes

[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 17, 78, 79.

Claim barred by limitation as subject of setoff, counterclaims, recoupment, cross bill, or cross action. 1 ALR2d 630.

relief based upon a particular collision in an automobile negligence action, the defendant should not be prevented from presenting a counterclaim in that action by a mere technicality.

2. LIMITATION OF ACTIONS—STALE CLAIMS—TIMELY FILING OF ACTION —TOLLING OF STATUTE OF LIMITATIONS—TORT ACTION—COUNTERCLAIMS.

The objective of statutes of limitations is to bar stale claims arising out of transactions or occurrences which took place in the distant past; since this purpose is satisfied when a person files a timely action, he has effectively tolled the running of the statute as to the occurrence involved and there appears no justification for barring a defendant's counterclaim arising therefrom providing the defendant asserts it in due course in that action; therefore, in a tort action, if a claim of a defendant arises out of the same occurrence which is the basis of the plaintiff's claim and is not barred by limitation when the suit is brought, it may be asserted by the defendant in a pleading timely served in such suit even though the limitation period has elapsed between the time of the commencement of the suit and the serving of the counterclaim.

*Harvey, Kruse & Westen, P. C.* (by *John F. Milan),* for plaintiff.

*Felix F. Rogalle,* for defendant.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

PER CURIAM. The facts in this matter are not in dispute.

Plaintiff and defendant's decedent, Kenneth Don Patterson, were involved in a motor vehicle collision in March, 1973.

Plaintiff commenced an action against decedent's estate on March 17, 1976, ten days prior to the running of the statute of limitations as set forth in MCL 600.5805(7); MSA 27A.5805(7). De-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

fendant filed an answer on July 14, 1976, and subsequently filed a counterclaim on December 30, 1976.

Shortly thereafter, plaintiff filed a motion for partial summary judgment on the basis that the counterclaim was barred by the statute of limitations. The trial court agreed and limited defendant's counterclaim to the setoff amount established by plaintiff's claim in accordance with MCL 600.5823; MSA 27A.5823.

Defendant subsequently filed an untimely motion for rehearing, objecting to the trial court's limitation of her counterclaim. This motion was denied.

Defendant now appeals by delayed leave granted challenging the validity of the trial court's ruling.

The sole issue raised on appeal can be set forth in one rather simple sentence. Did the trial court err in limiting defendant's counterclaim, which was based upon the same accident which gave rise to plaintiff's claim, to a setoff under MCL 600.5823; MSA 27A.5823?

MCL 600.5805(7); MSA 27A.5805(7) provides a 3-year statute of limitations for personal injury actions. GCR 1963, 101, states that a civil action is commenced upon the filing of the complaint. The accident in question occurred on March 26, 1973, and defendant did not file her counterclaim until December 30, 1976. Hence, defendant's claim was filed outside the 3-year limitation period.

MCL 600.5823; MSA 27A.5823 provides that:

"To the extent of the amount established as plaintiff's claim the periods of limitations prescribed in this chapter do not bar a claim made by way of counterclaim unless the counterclaim was barred at the time the plaintiff's claim accrued."

The application of MCL 600.5823; MSA 27A.5823 is illogical in a negligence action where the counterclaim is based on the same accident as the original complaint, because it limits the defendant to a setoff. This is an illusory benefit, since if the plaintiff is found to be fully liable for the accident, the defendant would not be able to recover anything. Also, since contributory negligence would bar a negligence action, an application of MCL 600.5823; MSA 27A.5823 to such a case would be meaningless since plaintiff would not be entitled to any recovery and defendant's counterclaim would be worth nothing. The Legislature could not have intended to produce such absurd results. Accordingly, this Court does not believe that MCL 600.5823; MSA 27A.5823 governs the instant case.

We now turn to MCL 600.5805(7); MSA 27A.5805(7), the 3-year statute of limitations in respect to personal injury claims.

The policy underpinning the statute is to afford individuals security against stale claims which are difficult to defend against due to the loss of evidence and/or witnesses after extended periods of time. See *Bigelow v Walraven,* 392 Mich 566; 221 NW2d 328 (1974), *Bay State Milling Co v Izak,* 310 Mich 601; 17 NW2d 769 (1945).

Under the facts in the case at bar, there is no need to protect plaintiff from defendant's stale claim, in that it is no staler than his own, being based upon the very same accident. As long as the counterclaim is brought within a reasonable time during the pendency of the lawsuit, there seems to be no unfairness in allowing it. Indeed, it may well be argued that once a complaint is filed, the statute is tolled with respect to that cause of action on behalf of all of the parties involved.

Other jurisdictions support such a result.

"Statutes of limitation are statutes of repose—they are designed to bar stale claims. Where, as in this case, the counterclaim arises from the same incident as the complaint, the counterclaim is no more stale than the complaint.

"Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality.

"Without meaning to suggest in any way that the instant suit involves frivolous claims, the rule adopted by this Court will also have the beneficial effect of tending to discourage the filing of frivolous claims just before the running of the statute of limitations." *Azada v Carson,* 252 F Supp 988, 989 (D Hawaii, 1966).

"As noted, the statutes of limitation are designed to bar stale claims arising out of transactions or occurrences which took place in the distant past. Since the objective is satisfied when a party files a timely action, he has effectively tolled the running of the statute as to the occurrence involved and there appears no justification for barring the defendant's claim arising therefrom, provided the latter asserts it in due course in that action.

"We therefore hold that in a tort action, if a claim of a defendant arising out of the same occurrence which is the basis of the plaintiff's claim is not barred by limitation when the suit is brought, it may be asserted by a pleading timely served in such suit even though the limitation period has elapsed between the time of the commencement of the suit and the serving of the counterclaim." *Armstrong v Logsdon,* 469 SW2d 342, 343–344 (Ky, 1971).

Accordingly, this Court believes that fair play and justice mandate that defendant be able to assert her counterclaim in this case.

Reversed and remanded. Costs to defendant.