In the Matter of Mitchell MIDDLETON and Carmen Middleton, Debtors.

BENEFICIAL FINANCE OF MICHIGAN, INC., formerly known as Capital Financial Services, Inc., Plaintiff,

v.

Mitchell MIDDLETON and Carmen Middleton, Defendants.

Bankruptcy No. 80–03367–B.
Adv. No. 80–1403–B.

United States Bankruptcy Court,
E. D. Michigan.

April 21, 1981.

Arnold Kargenian, Southfield, Mich., for plaintiff.

Professional Legal Centers, P. C. by William M. Crawforth, Detroit, Mich., for defendants.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

This is an action to avoid certain liens on household goods. The facts have been stipulated, and are as follows:

On June 1, 1978, Mitchell Middleton and Carmen Middleton (the "debtors") purchased a living room and dining room set from Gardner White Furniture ("Gardner White") for $1,260.00. The purchase price included a finance charge of $210.29. Gardner White took a purchase money security interest in the furniture to secure payment of this obligation. Gardner White thereafter assigned the contract and security interest to Capital Financial Services, Inc., now known as Beneficial Finance of Michigan, Inc. ("Beneficial").

On December 11, 1978, the debtors had reduced the principal balance to $771.65. On that date, they obtained a loan from Beneficial in the amount of $337.00. Additional loans were obtained by the debtors on December 11, 1978 in the amount of $2,143.51 and $267.24 on December 4, 1979. The additional advances were consolidated with the then existing loan. To secure the repayment of these advances, the creditor took a security interest on the furniture purchased on June 1, 1978. The debtors were required to pay $70.00 monthly on the original obligation of $1,260.00. The monthly payment was increased to $74.00

on December 11, 1978, when the debtors obtained their first loan from Beneficial, and increased to $108.45 when they obtained their June 4, 1979 loan. There was no increase in monthly payments as a result of the December 4, 1979 loan. From December 11, 1978 to June 16, 1980, the debtors made additional payments of $1,169.15.

On June 17, 1980, the debtors filed a voluntary petition in bankruptcy. The outstanding balance on their obligation at the time of the filing was $2,941.00. The debtors claimed the living room and dining room furniture as exempt, and filed a complaint to invalidate the security interest executed by the debtors to secure repayment of the loans obtained on December 11, 1978, and June 4, 1979 and December 4, 1979, pursuant to section 522(f) of the Bankruptcy Code.

The Bankruptcy Code was enacted by Congress on October 6, 1978 and signed into law November 6, 1978. The effective date of the Code was, however, delayed until October 1, 1979. Beneficial does not contest the legal effect of section 522(f). It is the position of Beneficial, however, that to apply section 522(f) to transactions entered into prior to October 1, 1979, would violate the due process clause of the Fifth Amendment of the Constitution of the United States.[1]

> "All parties to contract are, of necessity, aware of the existence of, and subject to, the power of Congress to legislate on the subject of bankruptcies. They were and are chargeable with knowledge that their rights and remedies, in case the debtor becomes insolvent and is adjudicated a bankrupt, are affected by existing bankruptcy laws and all future lawful bankruptcy legislation which might be enacted...." *In re Prima Co.*, 88 F.2d 785, 788 (7th Cir. 1937).

[1.] Since all of the challenged security interests were obtained after November 6, 1978, this controversy does not present the question as to whether the application of section 522(f) to pre-November 6, 1978 transactions escapes due process attack. *Rodrock v. Security Industrial*

Beneficial was chargeable with the knowledge that the Bankruptcy Code materially affected the rights of debtors and creditors. It was chargeable with the knowledge that section 522(f) was enacted into law. To apply section 522(f) to the challenged transactions, does not violate the due process clause. *In the Matter of Boulton*, 4 B.R. 498, 6 B.C.D. 233, (Bkrtcy.S.D. Iowa 1980); *In re Head*, 4 B.R. 521, 6 B.C.D. 489 (Bkrtcy.E.D.Tenn.1980); *In re Steinart*, 4 B.R. 354, 6 B.C.D. 623, (Bkrtcy. W.D.La.1980); *In the Matter of Pockat*, 6 B.R. 24, 3 C.B.C.2d 1 (Bkrtcy.W.D.Wis. 1980); *In re Beck*, 4 B.R. 661, 6 B.C.D. 491, (Bkrtcy.C.D.Ill.1980); *In the Matter of Baker*, 5 B.R. 397, 6 B.C.D. 747, (Bkrtcy.W.D. Mo.1980); *In the Matter of Primm*, 6 B.R. 142, 2 C.B.C.2d 1170 (Bkrtcy.D.Kan.1980); *In re Bradford*, 5 B.R. 18, 3 C.B.C.2d 39 (D.Nev.1980).[2] Accordingly, the security interests obtained by Beneficial after November 6, 1978, are invalid.

Alternatively, Beneficial contends that the court should allocate the payments made by the debtor to satisfy the indebtedness incurred by the later advances prior to allocating any such payments in satisfaction of the original debt. This argument is without merit. At all times, there was but one outstanding debt. Neither the debtor nor the creditor directed how the payments were to be made prior to the commencement of this action.

> "Where payments are made upon a running account, and neither the debtor nor the creditor specifies the items to which these payments are to apply, the law applies these payments in discharge of the oldest items of the account." *Gulf Oil Corporation v. Texas City Refining*, 218 F.2d 196, 202 (4th Cir. 1954). See also *U. S. v. Kirkpatrick*, 22 U.S. 720, 6 L.Ed. 199 (1824).

*Bank*, 642 F.2d 1193, 7 B.C.D. 344 (10th Cir. 1981).

[2.] There are cases to the contrary, but they are not persuasive. See *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (D.Colo.1980); *In re Pape*, 7 B.R. 443 (Bkrtcy.N.D.Fla.1980).

The debtors, prior to the filing of their petition in bankruptcy, made payments in excess of the original debt. Since the original debt had been satisfied and, since the security agreements obtained to secure repayment of the advances made on December 11, 1978, and June 4 and December 4, 1979, are invalid, there is no debt due to Beneficial that survives the filing of the bankruptcy petition.

An appropriate order to be submitted.