WALDORF v ZINBERG

Docket No. 49474. Submitted March 5, 1981, at Lansing.—Decided May 5, 1981.

Lindsey E. Waldorf and Delores G. Waldorf executed a promissory note drafted by their attorney in the amount of $20,000 to Milton and Helen Zinberg. The note bore interest at 12% per annum and was secured by a second mortgage on the Waldorf's home. During the life of the note, the Waldorfs made a payment of some of the interest but made no payment on the principal. The Waldorfs brought an action in the Oakland Circuit Court to have the note declared to be usurious, to order all prior interest payments applied to principal and to order the note discharged upon total payment of $20,000. Defendants conceded that the note was usurious but raised the defenses of unclean hands and the unconstitutionality of the usury statute. The court, Alice L. Gilbert, J., granted summary judgment for plaintiffs, ruling that plaintiffs' complaint for declaratory judgment was the assertion of a statutory right to prevent defendants' enforcement of a usurious contract, that the equitable defense of unclean hands was not available to defendants, and that defendants were barred from collecting any interest on the note by their own attempt to enforce a usurious contract. The trial court also ruled that any sums heretofore paid by plaintiffs were to be credited against the principal balance, that defendants were entitled to the unpaid principal balance, and that attorney fees would be awarded. Defendants moved to amend their pleading to allege fraud on behalf of plaintiffs and to add the attorney who drew the note as a third-party defen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Interest and Usury §§ 275–277.
  Reformation of usurious contract. 74 ALR3d 1239.
  Right, in absence of statute expressly so providing, to recover back usuruious payments. 59 ALR2d 522.
[2] 27 Am Jur 2d, Equity § 136.
  45 Am Jur 2d, Interest and Usury § 271.
[3] 61A Am Jur 2d, Pleading §§ 306, 307.
[4] 37 Am Jur 2d, Fraud and Deceit §§ 73, 74, 77.
[5] 5 Am Jur 2d, Appeal and Error §§ 545–547.

dant. The motion was denied, judgment was entered and defendants appeal. *Held:*

1. The court did not err in ordering the interest payments applied to principal. The usury statutes require that, where a usurious obligation has not been voluntarily satisfied, any interest paid must be applied to principal and the obligee is barred from recovering any interest.

2. Plaintiffs sought a declaration of their legal rights. Defendants were not entitled to raise the equitable defense of unclean hands.

3. A motion to amend pleadings, add parties or file counterclaims ordinarily should be granted, and should be denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. The court erred in denying defendants' motion to amend.

4. Defendants' argument that the amount of the award of attorney fees was excessive was first raised on appeal. The Court of Appeals should not review arguments raised for the first time on appeal.

Affirmed in part, reversed in part and remanded.

1. INTEREST — USURY — STATUTES.

The usury statutes require that, where a usurious obligation has not been voluntarily satisfied, any interest paid must be applied to principal and the obligee is barred from recovery of any interest (MCL 438.32; MSA 19.15[2]).

2. EQUITY — UNCLEAN HANDS — DEFENSES.

A defendant in a suit to determine the legal rights of the parties to a usurious obligation may not raise the equitable defense of unclean hands.

3. PLEADING — AMENDMENT — COURT RULES.

A motion to amend pleadings, add parties or file counterclaims ordinarily should be granted, and should be denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment; the leave sought should be freely given (GCR 1963, 118.1).

4. FRAUD — MISREPRESENTATIONS OF LAW.
   The general rule that fraud cannot be predicated upon misrepre- sentations as to matters of law may be rendered inapplicable by the existence of peculiar facts and circumstances.

5. APPEAL — PRESERVING QUESTION.
   The Court of Appeals should not review arguments raised for the first time on appeal.

*Bassey, Selesko, Couzens & Murphy, P.C.* (by *Howard K. Schwartz* and *Renard J. Kolasa),* for plaintiffs.

*Richard Nahabedian,* for defendants.

Before: M. F. CAVANAGH, P.J., and J. H. GILLIS and ALLEN, JJ.

ALLEN, J. On January 2, 1980, Oakland County Circuit Judge Gilbert issued an order granting plaintiffs' motion for summary judgment. The order precluded defendants' recovery of interest on a mortgage note made by plaintiffs, denied defendants' motion to amend their answer, denied defendants' motion to file a counterclaim and to add a party defendant, and ordered defendants to pay plaintiffs' attorney fees and court costs. Defendants appeal as of right.

On April 29, 1976, plaintiffs executed a promissory note in the principal amount of $20,000 payable to the order of defendants. The note, prepared by plaintiffs' attorney, called for a 12% per annum interest rate. Plaintiffs secured the note with a second mortgage on their home. During the life of the note, plaintiffs had paid defendants $5,000 as interest but had made no payments on the principal. When the note matured, plaintiffs contended that defendants could not recover interest on the note because the interest rate was usurious. Plaintiffs demanded the prior payments · be applied

against the principal and offered to pay the remaining principal balance. Defendants maintained the full $20,000 plus interest was due and commenced foreclosure by advertisement, as provided under the terms of the mortgage.

On September 12, 1978, plaintiffs filed a complaint asking the trial court to declare the 12% note usurious, to order that all prior interest payments be applied to the principal balance due, and to order the note discharged upon total payment of $20,000. Defendants' answer to plaintiffs' complaint conceded that the note was usurious but denied that plaintiffs had offered to pay the principal on maturity. The answer raised two affirmative defenses: (1) that plaintiffs had unclean hands since the note had been prepared by their attorney; and (2) that the usury statute was unconstitutional as discriminating against the individual lender. On September 14, 1978, a temporary restraining order was issued preventing foreclosure.

After both plaintiffs and defendants moved for summary judgment, the trial court granted summary judgment in favor of plaintiffs, ruling (1) that plaintiffs' complaint for declaratory judgment was the assertion of a statutory right to prevent defendants' enforcement of a usurious contract, (2) that the equitable defense of unclean hands was not available to defendants, and (3) that defendants were barred by their own attempt to enforce a usurious contract from collecting any interest on the note. The trial court also ruled that any sums heretofore paid by plaintiffs were to be credited against the principal balance, that defendants were entitled to the unpaid principal balance, and that no attorney fees would be awarded. The written opinion of the trial court was filed on August 27, 1979. On September 28, 1979, plaintiffs moved

for reconsideration of that part of the trial court opinion denying attorney fees. On October 2, 1979, defendants made motions to amend the pleadings to allege fraud on behalf of plaintiffs and to add Eugene Hanlon, the attorney for plaintiffs who drew up the usurious note, as a third-party defendant. A hearing on this motion was held on October 24, 1979. Judge Gilbert denied defendants' motions and stated that plaintiffs were entitled to attorney fees as part of the final judgment.

The first question raised before this Court is whether the trial court erred in ruling that all interest previously paid by plaintiffs must be applied to reduce the principal debt. We find that the trial court did not err.

MCL 438.32; MSA 19.15(2) sets forth the penal provision incurred by a violation of the interest limit established in MCL 438.31; MSA 19.15(1).[1]

In *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206; 223 NW2d 725 (1974), this Court provided an historical perspective of MCL 438.32; MSA 19.15(2):

"From 1891 until the present language was adopted by 1966 PA 326, the enforcement provision of the general usury law was 1891 PA 156, § 2, which provided:

" 'No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in

---

[1] MCL 438.32; MSA 19.15(2) provides:

"Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns."

any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon.'

"Under the 1891 statute it was held that one could not maintain an independent suit to recover interest paid on a usurious contract; however, *once enforcement of the usurious contract was sought, the borrower could avail himself of the statute and seek to have all of the interest previously paid applied against any outstanding principal.*" 56 Mich App 206, 212-213. (Emphasis supplied.)

The foregoing analysis is amply supported by judicial interpretation of the statute. *Fretz v Murray,* 118 Mich 302; 76 NW 495 (1898), *Gladwin State Bank v Dow,* 212 Mich 521; 180 NW 601 (1920), *Leon v Zlatkin,* 265 Mich 225; 251 NW 377 (1933), *Union Guardian Trust Co v Crawford,* 270 Mich 207; 258 NW 248 (1935), *McKenna v Wilson,* 280 Mich 227; 273 NW 457 (1937). See also *Lincoln National Bank v Kaufman,* 406 F Supp 448 (ED Mich, 1976). It is therefore undisputed that MCL 438.32 compels application of any interest heretofore paid to the extinguishment of the principal outstanding debt.

Defendants argue that the recent decision of *Bebee v Grettenberger,* 82 Mich App 416; 266 NW2d 829 (1978), alters this conclusion. We disagree. The question before the *Bebee* Court was whether a second mortgage was restricted to the 7% maximum interest rate authorized by MCL 438.31c; MSA 19.15(1)(c). The *Bebee* Court correctly ruled in the affirmative. The *Bebee* decision then, in dicta, engaged in a cursory summation of the penalties for charging a usurious rate of inter-

est. Defendants choose to ignore the first statement which cites the present statute and states that the seller is barred "from recovery of any interest". *Bebee, supra,* 423. Instead, defendants rely upon the following statement of the *Bebee* decision which cites *Wright v First National Bank of Monroe,* 297 Mich 315, 328; 297 NW 505 (1941), as its source: "Usurious interest already freely and voluntarily paid by the buyer cannot be recovered but usurious interest remaining due and payable may not be collected." *Bebee, id.* To the extent this statement may be interpreted as being applicable to the present fact situation, it is incorrect. The meaning of this statement is that where a borrower voluntarily satisfied the entire obligation, the lender is entitled to retain the usurious interest paid. This interpretation is made clear by a reading of the cited case. *Wright, supra,* 328. In accord, *Fretz, supra,* citing *Fowler v Equitable Trust Co,* 141 US 384; 12 S Ct 1; 35 L Ed 786 (1891).

Next, we must determine whether the trial court erred in precluding defendants from raising the equitable defense of unclean hands. We find no error. In the instant case, defendants attempted to enforce a usurious obligation. *McKenna, supra, Bebee, supra, Michigan Mobile Homeowners Ass'n, supra.* Plaintiffs did not bring suit in equity to have the usurious obligation set aside but merely requested a determination of their legal rights under MCL 438.32. As such, defendants may not raise the equitable defense of unclean hands as to plaintiffs' request for a determination of their legal rights.

Did the trial court err in denying defendants' motion to amend their answer, to counterclaim against plaintiffs for fraud, and to add plaintiffs'

former attorney, who drafted the usurious note, as a third-party defendant?

"GCR 1963, 118.1 permits a party to amend its pleading by leave of court, which 'shall be freely given when justice so requires'. Although the decision to allow amendment is within the trial court's discretion, *Leahy v Henry Ford Hospital,* 84 Mich App 719, 722; 271 NW2d 34 (1978), as a general rule, leave should be granted absent unfair prejudice to the opposing party. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 71 Mich App 177; 247 NW2d 589 (1976), *rev'd on other grounds* 400 Mich 184; 253 NW2d 646 (1977). When denying a motion to amend, the court should state specific reasons why justice would not be served by granting the amendment. *Goldsmith v Moskowitz,* 74 Mich App 506; 254 NW2d 561 (1977)." *Rubino v City of Sterling Heights,* 94 Mich App 494, 499; 290 NW2d 43 (1979).

A motion to amend a pleading should be denied only for particular reasons

"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment". *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973), citing *Foman v Davis,* 371 US 178; 83 S Ct 227; 9 L Ed 2d 222 (1962).

Moreover, a grant or denial of a motion to add a party or a motion to file a counterclaim is governed by the same standard applicable to a motion to amend pleadings. *Drapefair, Inc v Beitner,* 89 Mich App 531; 280 NW2d 585 (1979), *Wallace v Patterson,* 85 Mich App 266, 269; 271 NW2d 194 (1978), *rev'd on other grounds* 405 Mich 825 (1979),

*Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686; 218 NW2d 52 (1974).

In the present case, the trial court denied defendants' motions stating that, as a matter of law, the proposed counterclaim did not state a cause of action for fraud as defendants are presumed to have known the law as to usurious interest rates and that any amendment would be prejudicial to plaintiffs. The trial court was in error in ruling as a matter of law that defendants did not state a cause of action for fraud. *Rosenburg v Cyrowski,* 227 Mich 508; 198 NW 905 (1924), is on point. In *Rosenburg,* it was alleged that the attorney for the other party to a contract knowingly made a false statement of law to the plaintiffs who were dealing with the attorney's client. Plaintiffs alleged that this statement was made with the intent to deceive the plaintiffs and to relieve the attorney's client from paying money to the plaintiffs which the plaintiffs had earned. The Supreme Court held that such allegations were sufficient, if believed by a jury, to allow recovery in fraud. The Court stated:

"It is the general rule that 'fraud cannot be predicated upon misrepresentations as to matters of law.' * * * The writer, however, adds that the rule 'may be rendered inapplicable by the existence of peculiar facts and circumstances.' * * * The rule is founded on the maxim that 'All men are presumed to know the law.' Experience teaches us that this maxim finds but little support in fact. It may be doubted if it was ever intended to excuse fraud." *Rosenburg, supra,* 513.

See also *Holt v Rickett,* 143 Ga App 337; 238 SE2d 706 (1977), and *Liebergesell v Evans,* 93 Wash 2d 881; 613 P2d 1170 (1980).

The same rationale applies to the present defen-

dants' motion to amend, motion to file a counterclaim against plaintiffs, and motion to add plaintiffs' original attorney as a third-party defendant. The trial court's conclusionary statement that amendment would prejudice plaintiffs is not a specific or particular reason for the denial of defendants' motions. The trial court specifically declined to rule defendants' motions untimely.[2] Plaintiffs claimed no specific prejudice nor did the trial court find specific prejudice to plaintiffs. We find that the trial court, although ruling correctly as to the motions heretofore discussed, erred in denying defendants' motions to amend, to file a counterclaim alleging fraud, and to add plaintiffs' original attorney as a third-party defendant. *Rubino, supra.*

Lastly, for the first time on appeal, defendants argue that the amount of attorney fees awarded plaintiffs was excessive. Since defendants' trial counsel failed to object to the amount of the award of attorney fees, and, in fact, specifically stated that he could not argue that the fee was unreasonable, we affirm the amount of the award of attorney fees. *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968), *Walls v Director of Institutional Services,* 84 Mich App 355; 269 NW2d 599 (1978), *Oakland County v Detroit,* 81 Mich App 308; 265 NW2d 130 (1978).

Remanded for further proceedings as to defendants' claim of fraud. Affirmed in part; reversed in part. No costs, neither party having prevailed in full.

---

[2] It should be noted that defendants' motions were filed approximately one month after the trial court's written opinion was filed and only four days after plaintiffs' motion for reconsideration concerning attorney fees was filed.