**In the Matter of Harold G. GOEHRING and Bonnie L. Goehring, Debtor.**

**Bankruptcy No. NG 81 04354.**

United States Bankruptcy Court, W. D. Michigan.

Aug. 4, 1982.

Randall L. Velzen, Grand Rapids, Mich., for debtors.

Terry Hoeksema, Grand Rapids, Mich., for creditor.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

### OBJECTION TO CLAIM—USURY—AP-PLICATION OF FUNDS

This matter was brought on by the Chapter 13 debtors' objection to a secured claim filed on behalf of Catha Lee, Inc. The filed objection states that "if the debt is owing at all, it is substantially less than the amount claimed". A hearing on the objection was held on April 19, 1982. At that hearing, it became apparent that the gist of debtors' objection was a contention that the interest rate charged on some notes was usurious. Neither attorney was prepared to argue the interest rate question however, and time was allowed to brief the issue. Both sides now agree that the interest rate charged was usurious under Michigan law. See, MSA § 19.15(1) et seq. [M.C.L.A. § 438.31 et seq.]. The sole remaining issue is the proper amount of the claim.[1]

The debtors and this creditor entered into three separate transactions. The first was a promissory note signed by the debtor on May 24, 1980. The note was in the principal amount of $5,500.00 bearing interest at 20% per annum, and was payable in 90 days. The second transaction was a sale of two garden tractors evidenced by a note and security agreement dated July 8, 1980. The debtors financed $11,554.14 at 19% per annum bringing the total amount of the contract to $13,749.43.

The third transaction involved the sale and lease back of a boat. The debtors apparently owed a third party $7,000.00 for the boat. Mr. Goehring approached Jerry Graves, president of Catha Lee, Inc. and asked if Graves would pay the third party for the boat and allow the debtors a chance to repurchase it later. Graves bought the boat in late October, 1979, and Goehring signed over the title. Originally, it appears the debtors were going to lease the boat back from Graves in a disguised financing transaction. A lease was drawn up, however, it was never signed and no payments were made. By a letter dated June 6, 1981, Graves advised the debtors that they had until July 6, 1981, to buy the boat back or it would be sold. On July 17, 1981, Graves entered into a brokerage agreement with Grand Valley Sport and Marine. The boat

---

1. The second transaction described below included a security interest in the two tractors and real estate commissions due Harold Goehring. However, prior to the filing of the Chapter 13 the tractors were sold and the commissions were received and spent. Therefore, inasmuch as the debtors' have no collateral to secure the debt, it is unsecured.

was eventually sold on October 26, 1981, for $7,300.00.

Harold Goehring made two payments on his obligations with Catha Lee, Inc. On February 3, 1981, a $3,000.00 money order was given, and on April 30, 1981, the creditor received a check for $4,200.00. Although the check was not offered as an exhibit, Graves testified that the debtor had written on the bottom of it that all the money was to be applied to the boat transaction. However, Graves telephoned the debtor and it was agreed that the $4,200.00 would first be applied to the $5,500.00 note, and the remainder would be applied to the tractor debt. A letter from Graves dated May 5, 1981, evidences this understanding. The first note marked "Paid in Full" together with an itemized list of the application of the check on both notes were sent to the debtors.

■ The law in Michigan provides that a lender who charges an excessive interest rate is barred from the recovery of any interest. MSA § 19.15(2) [M.C.L.A. § 438.-32]. If the interest charged on an obligation is usurious, the court will apply all payments of interest to the principal debt. *Union Guardian Trust v. Crawford,* 270 Mich. 207, 211, 258 N.W. 248 (1935); *Waldorf v. Zinberg,* 106 Mich.App. 159, 307 N.W.2d 749 (1981). However, a party who makes a voluntary payment freely and of his own accord fulfills a usurious contract cannot recover the money paid thereon. *Wright v. First National Bank,* 297 Mich. 315, 328, 297 N.W. 505 (1941). Thus, when a debtor pays off the entire obligation, the creditor is entitled to retain the usurious interest, *Waldorf v. Zinberg, supra* 106 Mich.App. at 165, 307 N.W.2d 749. Partial payment of a usurious note however, does not waive the defense of usury, *Lincoln Nat. Bank v. Kaufman,* 406 F.Supp. 448, 451, (E.D.Mich.1976), and the debtor is entitled to have all payments credited toward the principal amount. *Waldorf v. Zinberg, supra* 106 Mich.App. at 164, 307 N.W.2d 749.

■ In this case, the crucial issue is how the two payments are to be applied to the different obligations. The general rule is that absent advice or instructions, the holder of a note is entitled to apply the payments on accounts as he chooses. *Nelsen & Son v. Shubow,* 374 Mich. 403, 407, 132 N.W.2d 122 (1965). Therefore, a creditor can properly apply payments to the portion of debtor's obligation which was first incurred. *Grand Rapids Realty Co. v. Rogers,* 317 Mich. 454, 457, 26 N.W.2d 926 (1957), or to the oldest items on a running account. *In re Middleton,* 8 BCD 194, 195, 13 B.R. 485, 486, (Bkrtcy.E.D.Mich.1981). However, the debtor has a right to direct application of a payment before or at the time of payment. If the debtor does not make a direction of payments, the creditor may apply payments as he pleases. *People ex rel. Michigan Electric Supply Co. v. Vandenburg Electric Co.,* 343 Mich. 87, 90, 72 N.W.2d 216 (1955).

■ Here, the first payment of $3,000.00 contained no directions as to its application. That sum can properly be applied to the $5,500.00 note. The second payment of $4,200.00 did contain directions that it was to be used towards the purchase of the boat. Jerry Graves testified that upon receiving this payment he negotiated with the debtor and it was agreed that the money would be applied to pay off the first note and the balance on the second note. A letter from Graves reflects this understanding. Where a debtor directs that payment be applied to a particular obligation, that direction can be changed or revoked with the consent of the debtor. *See, In re Rhine,* 213 F.Supp. 527, 533 (D.C.Colo.1963). Here, the debtor has not introduced any evidence or presented any testimony to refute the creditor's statements that the debtor consented to this change in the application of funds. Debtors' consent can further be implied from the failure to object in April, 1982, at the hearing before this court, or in their brief.

■■ Since the first note for $5,500.00 was fully and voluntarily paid, the debtor is not entitled to recoup the interest paid. The second note dated July 8, 1980, was not fulfilled however, and therefore the credi-

tor is not entitled to any interest on that note. Only the principal amount is recoverable, less credit for the remainder of the $4,200.00 payment. Accordingly, this court finds that the creditor Catha Lee, Inc. is entitled to an unsecured claim in the amount of $10,779.80 as set forth more fully in their brief.

The final issue that needs to be addressed is the transaction involving the boat. I find that this series of events has no impact on the amount owed this creditor. The creditor paid a third party an amount the debtor owed, and the debtor signed over valid title to the boat. The debtor was unable to make any payments on the craft, and was given notice that the boat would be sold. The boat was eventually sold by the creditor for a three hundred dollar profit. The debtor advanced no argument how this sale affected the sum owed, or why the small profit should be credited to the other debts owing. This court finds the transaction to be nothing more than a sale.