**OZIAS, Plaintiff-Appellant, v. RENNER et, Defendants-Appellees.**

Ohio Appeals, Second District, Preble County.

No. 116.   Decided November 30, 1945.

Tanner and Tanner, London, for plaintiff-appellant.
Walter H. Earley, Eaton, for defendants-appellees.

## OPINION

By MILLER, J.

This is an appeal on questions of law, and the only question raised for our consideration is whether a judicial sale legally made, should be set aside because of the claimed inadequate sale price.

The facts disclose that the plaintiff-appellant commenced an action for the sale of real estate under §10510-5 GC. The property was not being sold to pay debts of the estate but was being sold purely for the convenience of the beneficiaries. There is no claim made of any irregularity in the proceedings. The property involved was appraised at $15,100.00 and the sale price complained of was for $16,400.00, said amount being $1300.00 in excess of the appraised value.

The appellant contends that he has a bona fide offer of $700.00 more for the property and offers to post bond to guarantee the sale for this additional amount. This represents an increase in the sale price of approximately four and one-half per cent.

Sec. 10510-41 GC appears to make confirmation mandatory if the sale was legally made, yet it has been held discretionary with the Court in confirming or refusing to confirm a sale. We find in 24 O. Jur. p. 63 the following:

"The question whether or not a sale should be confirmed rests in the sound discretion of the trial court, and this is true whether on motion to confirm or motion to set aside the sale. It has been said that it is a wise public policy which

640

vests such discretion in the trial court. And if such discretion is subject to review, the order of the lower court can be reversed only when the record discloses that the trial court has abused its discretion. An abuse of such discretion is not shown by the mere fact that one or more of the judges of the Court of Appeals would have exercised the discretion differently if sitting as a trial court."

See also **Lumber Co. v The Cleveland Realization Co., 11 Oh Ap 387.**

Mere inadequacy of price unaccompanied by any other reason or cause is not sufficient ground for setting aside a sale which has been regularly made in accordance with law. The rule on this subject as generally stated is that mere inadequacy of price will not justify refusal to confirm the sale unless it is such as to raise conviction that the property was unnecessarily sacrificed. Secor v. Rolling Mill Company, 1 O. N. P., 100; 24 **O. Jur. p. 65.**

In the case of **Central National Bank of Cleveland v Ely, 37 Abs, p. 18,** the Court went so far as to say it is the duty of the court to confirm a sale legally made. Counsel for appellant makes reference to the case of State of Ohio, ex rel. John W. Bricker, Attorney General v. American Insurance Union, unreported wherein this Court set aside the sale reported by the receivers and ordered a re-sale. Appellant is correct in his contention, but it will be noted that this Court was acting as a trial court and not as a reviewing court. It was exercising its own discretion.

It is our conclusion that the trial court properly exercised its discretion in confirming this sale. Likewise it could properly in the exercise of its discretion have set the sale aside. In passing upon a question of this nature the Court has other factors to consider than the interest of the beneficiaries. Public confidence in judicial sales must be sustained or bidders will not be interested in them. Sound policy dictates that judicial sales should be sustained as far as they can be consistently with the principles of law. Every inducement should be held forth to encourage purchasers to give the full value for what they buy. Nothing can have a stronger tendency to this effect than to sustain sales notwithstanding trifling irregularities.

The judgment will be affirmed.

HORNBECK, P. J., and WISEMAN, J., concur.