CHRIS NELSEN & SON, INC., *v.* SHUBOW.

1. BILLS AND NOTES—EVIDENCE AS TO LIABILITY.

Contention advanced by payors of notes that the notes were intended as a memorandum of indebtedness of corporations of which payors were officers and not the personal liability of defendants, *held*, properly rejected in payee's action for sums due on the notes, where there is no evidence of any written agreement to that effect and the notes do not so indicate, but appear to show defendants liable in the usual form.

2. SAME—STOCKHOLDER'S INDIVIDUAL NOTE—CONSIDERATION.

The execution by other stockholders, officers, or directors of their own personal notes for the benefit of and to aid a corporation in which they have an interest is a valuable consideration for the execution of such notes by each individual one of them.

3. SAME—DETRIMENT TO PAYEES—CONSIDERATION.

Changes in the method and time of payment and other terms of the original contract as modified by the notes which were a detriment to the payees, obligees under the original contract, constituted adequate consideration for the notes.

4. SAME—PAYEES APPORTIONMENT UNDER PREVIOUS OBLIGATIONS.

Promissory notes, which were entirely unconditional in their terms as to liability of the payors, eliminated any apportionment there may have been under the original contracts which were previous defaulted obligations of corporations of which defendant payors were officers and directors, hence, the payors were liable for the full amount they had agreed by the promissory notes to pay.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur 2d, Bills and Notes § 56 *et seq.*
    Personal liability of one who signs or indorses without qualification commercial paper of corporation. 82 ALR2d 424.
[2] 11 Am Jur 2d, Bills and Notes §§ 216, 233.
[3] 11 Am Jur 2d, Bills and Notes § 230 *et seq.*
[4, 5] 40 Am Jur, Payments § 112.
[6] 12 Am Jur 2d, Bills and Notes § 1220.

5. Payment—Application—Instructions.

 Payments received by payee of notes from payors which were applied first on portions of a contract debt not secured by the notes and then to certain other notes, finally leaving unpaid only the 3 notes sued on that were signed by all 4 of defendants as some other notes had not been, *held*, not subject to complaint, where there had not been advice or instructions with the remittances.

6. Bills and Notes—Payment—Burden of Proof—Evidence.

 Record presented in action by payee of 3 promissory notes against 4 defendant payors who had executed the notes when previous obligations became in default *held*, insufficient to sustain the defendants' burden of proof that payment of the notes had been effected.

Appeals from Wayne; Piggins (Edward S.), J. Submitted June 2, 1964. (Calendar Nos. 1, 2, Docket Nos. 49,660, 49,662.) Decided January 5, 1965.

Assumpsit by Chris Nelsen & Son, Inc., a Michigan corporation, against David Shubow, Tibor Hollo, Calvin Shubow, and Harold Rosin for sums due on promissory notes. Judgment for plaintiff. Defendants David Shubow and Tibor Hollo and defendant Calvin Shubow file separate appeals. Affirmed.

*Philip E. Rowston,* for plaintiff.

*Morris Brenner* and *Milton S. Landau,* for defendants David Shubow and Hollo.

*John Babcock,* for defendant Calvin Shubow.

Dethmers, J. Plaintiff sued in assumpsit for money allegedly due from defendants, filing a declaration with 2 counts. Count 1 was on an account stated and count 2 upon promissory notes. The case was tried to the court without a jury. The court dismissed the first count. On count 2 the court awarded plaintiff a judgment of $100,818.09, plus costs. De-

fendants' motion for new trial was denied. They appeal from judgment for plaintiff and denial of new trial.

By one written contract, plaintiff had agreed with several corporations to furnish the materials for and to install storm sewers in a real-estate development. The said several corporations were the respective owners of different parcels of land in the area, all to be served by such sewers. Defendants were officers of several of those corporations. The contract provided for a total price of $380,437.25 for the job. It also provided for the percentage of that total for which each signatory landowner was to be liable. Defendants say that 2 of them represented corporations and entities which thereby assumed 50% of the liability and one of the others 25%, but that they were not obliged under the contract to pay any of the rest for which other corporate signatories which were owners of some of the lands involved were liable.

In due course, the obligors had fallen behind on payments due under the contract. Defendants thereupon signed a series of promissory notes, as individuals and not as officers of the corporations, payable to plaintiff for the entire balance then due from all parties under the contract. Payments continued to be made thereafter by defendants to plaintiff. During that time an escrow agreement was entered into between plaintiff and other parties to the original contract, which provided for release of certain lots in the development upon certain payments being made to plaintiff. Under the terms thereof some $73,000 was paid to plaintiff.

From time to time defendants received statements showing the balances due from them to plaintiff. These ultimately showed the figure reduced almost to nothing. Apparently these were based on the apportionment of liability under the original con-

tract and not on the basis of the subsequently executed promissory notes signed by defendants, which had been for the entire amount then due on the contract and not a proportionate share thereof in accord with the fractions stated in the contract.

The plaintiff received payments from defendants without directions as to how they should be credited. Payments also came in under the escrow agreement. Plaintiff credited them first on portions of the contract debt not secured by the notes and then to certain of the notes, finally leaving unpaid only 3 of the notes, which had been signed by all 4 of the defendants as some of the other notes had not been. The judgment of the court was based on and represented the balance due on said 3 notes as disclosed by plaintiff's books and testimony by its witnesses.

Defendants testified that the notes were intended as a memorandum of their corporations' indebtednesses under the contract and were not to have been legally binding nor were defendants to have been personally liable thereon. This was disputed by plaintiff. There is no evidence of any written agreement to that effect nor do the notes so indicate. They appear to show defendants personally liable in usual form. We think the trial court properly rejected that contention of defendants.

Defendants say there was no consideration to support any assumption of liability or obligation on their part under the notes. The trial court held that the execution by other stockholders, officers or directors, of their own personal notes for the benefit of and to aid a corporation in which they have an interest is a valuable consideration for the execution of such notes by each individual one of them. For this the court cited: *Farmers Cooperative Union of Lyons* v. *Reynolds,* 127 Kan 16 (272 P 108) ; *Hooff* v. *Paine,* 172 Va 481 (2 SE2d 313) ; *Nichols & Shepard Co.* v. *Dedrick,* 61 Minn 513 (63 NW 1110) ; *Seth*

v. *Lew Hing*, 125 Cal App 729 (14 P2d 537, 15 P2d 190) ; *National Bank of the Republic of Chicago* v. *Schmidt*, 268 Ill App 287; *United States Rubber Co.* v. *Moon*, 93 Ind App 571 (179 NE 26). He stated that the testimony clearly indicated that defendants' corporations were unable to pay what they owed under the contract and that in consequence and for that reason defendants gave the notes. This, said the court, benefitted the corporations and thus also their officers and stockholders, among which defend-. ants were numbered. Further consideration, so the court held, was to be found in detriment to plaintiff by reason of changes in the method and time of payment and other terms of the original contract as modified by the notes. The court considered that the note arrangement lent enhancement or protection to defendants' corporate interests and that this constituted adequate consideration for their promises. In all the above particulars we think the court's reasoning as to the existence and adequacy of consideration and its decision were correct.

The next contention of defendants was that there was an apportionment of liability between the different property owners who entered into this original contract and that the court should be guided thereby. To this the court said, and we agree, that the promissory notes, entirely unconditional in their terms as to that or any other limitation, eliminated the apportionment element from the case; that defendants were liable for the full amount which they had agreed by the promissory notes to pay.

Defendants complain of the manner of plaintiff's application of payments received so as to leave the 3 notes above mentioned unpaid. Absent advice or instructions with the remittances, plaintiff was entitled to apply the payments on the account or notes as it chose. *People, for the use of Michigan Electric*

*Supply Co.,* v. *Vandenberg Electric Co.,* 343 Mich 87; *Pinconning State Bank* v. *Henry,* 258 Mich 44; *Wood* v. *Callaghan,* 61 Mich 402 (1 Am St Rep 597).

As for letters and statements received by defendants about balances due from time to time, apparently predicated on the apportionment provision of the original contract and not the notes, the court said that although decision of the case was thereby made more difficult, they were not sufficient to sustain defendants' burden of proof of payment. In this, too, the record supports the court.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.