EVANS, John, Trustee for the Bankruptcy Estate of Unique Sportswear, Inc., d/b/a Fashion Bazaar, Bankrupt, Plaintiffs-Appellants,

v.

VALLEY WEST SHOPPING CENTER, INC., an Arizona Corporation, Defendant-Appellee.

No. 75–3780.

United States Court of Appeals, Ninth Circuit.

Jan. 6, 1978.

Rehearing Denied Feb. 13, 1978.

4. *Rehmar v. Smith*, 555 F.2d 1362, 1371 (9th Cir. 1976).

Gerald K. Smith, Phoenix, Ariz., for plaintiffs-appellants.

John D. Everroad, Phoenix, Ariz., for defendant-appellee.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

The complaint in the district court in this action alleges that the plaintiff is the Trustee in Bankruptcy of Unique Sportswear, Inc., (Unique) d/b/a Fashion Bazaar, a bankrupt, and brings this action under section 60(b) of the Bankruptcy Act. (11 U.S.C. § 96(b)). That section, along with section 60(a) (11 U.S.C. § 96(a)), provides that the payment or transfer of property by the bankrupt to a creditor on account of an antecedent debt within four months of bankruptcy is a voidable transaction.[1]

The payment in this case was the sum of $23,303.77 in satisfaction of a judgment

---

1. More precisely the Act provides:

"Preferred creditors

(a)(1) A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

.    .    .    .    .

"(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property, except a bona-fide purchaser from or lienor of the debtor's transferee for a present fair equivalent value: *Provided, however,* That where such purchaser or lienor has given less than such value, he shall nevertheless have a lien upon such property, but only to the extent of the consideration actually given by him. Where a preference by way of lien or security title is voidable, the court may on due notice order such lien or title to be preserved for the benefit of the estate, in which event such lien or title shall pass to the trustee. For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction." 11 U.S.C. § 96(a)(1) and (b).

obtained by Valley West Shopping Center, Inc., a corporation (Valley), in a foreclosure action in the Maricopa County Superior Court for rent due to Valley by the bankrupt. The relevant dates to be considered are April 27, 1973, the date of a lease by Valley to the bankrupt of a store in the shopping center; a suit by Valley in the state court for past due rent and attorney's fees filed on March 12, 1975; and a judgment for plaintiff in that action on March 20, 1975. The judgment for rent as claimed plus attorney's fees was paid on March 27, 1975. On March 31, 1975, four days after the payment was made, a voluntary petition in bankruptcy was filed by Unique. The trustee filed this action to recover the payment claiming that it constituted a preferential transfer under section 60(a)(1), and as a preferential transfer was voidable under section 60(b) of the Act. The district court granted a motion to dismiss and judgment was duly entered thereon. The trustee has appealed and we affirm.

We disagree that there was a preferential transfer. We need not reach, therefore, the question of whether there was any voidable preferential transfer. Under section 60(a)(1) of the Act, to be a preference, a transfer must be "made or suffered . . within four months before the filing by or against him [the debtor] of the petition initiating a proceeding under this title . . . ." Appellant assumes that the payment by the bankrupt to appellee was the transfer for purposes of this section, and concludes that, since the payment was made within four months of the petition for bankruptcy, the payment constituted a preferential transfer. Appellant's assumption is wrong. The payment did not constitute the transfer. Rather, the attachment of the landlord's lien constituted the transfer. Under section 1(30) of the Act, a transfer is deemed to include:

"the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or *of fixing a lien upon property or upon an interest therein*, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a con-

veyance, sale, assignment, payment, pledge, mortgage, *lien*, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor." (Emphasis added.) 11 U.S.C. § 1(30).

The attachment of the landlord's lien was not a preferential transfer under section 60(a)(1) of the Act because it occurred more than four months prior to the petition for bankruptcy. Section 60(a)(2) of the Act provides that "a transfer of property . . shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee. . . . ."

■ The time and the manner of perfection of a landlord's lien is to be determined according to state law. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 89 L.Ed. 305 (1944). Under Arizona law a landlord's lien is perfected at the beginning of the tenancy. *United States v. Globe Corp.*, 113 Ariz. 44, 546 P.2d 11, 14 (1976); *In re Menzies*, 60 F.2d 1064, 1066 (D.Ariz.1932). In the latter case the court said:

"The statutory lien of the landlord attaches at the beginning of the tenancy. Such lien does not depend upon a levy, and exists independently of the institution of any proceeding for its enforcement. The remedy by levy, distress, or attachment, when available, is simply to enforce a lien already existing. [Citations omitted.] And such lien, even though a creature of the statute of the state, is not obtained through legal proceedings (section 107[c] and [f], title 11 U.S.C.A.), but is to be classed as a lien within the true intent and meaning of the Bankruptcy Act . . . ."

Here, the landlord had not only foreclosed his statutory lien by action but had obtained judgment and that judgment plus attorneys' fees was paid on March 27, 1975. The voluntary petition in bankruptcy was thereafter filed on March 31, 1975. The

trustee may not under those circumstances "reach back and strike down" a valid lien already enforced. 4 *Collier on Bankruptcy*, ¶ 67.23[2] at 290, n.33 (14th ed. 1975).

The trustee presents two other issues, neither of which was raised below. Because they were not called to the attention of the court below we find no reason to consider them here. *Rothman v. Hospital Service of Southern California*, 510 F.2d 956, 960 (9th Cir. 1975); *Walker v. Continental Life & Accident Co.*, 445 F.2d 1072, 1074 (9th Cir. 1971).

The judgment is AFFIRMED.