PER CURIAM:
This is an appeal by Harold C. Abramson, acting as trustee in bankruptcy under Chapter XI of the old Bankruptcy Act,[1] *548 former 11 U.S.C. § 1, et seq., of the district court’s order refusing to set aside an alleged transfer of real property within one year of the filing of debtor’s bankruptcy petition. The district court granted summary judgment for the defendant-appellee, Lakewood Bank and Trust Company (“Lakewood Bank”), holding that the nonjudicial foreclosure sale of the debtor’s land did not constitute a “transfer” within the meaning of § 67(d) of the Bankruptcy Act. We reverse.
The facts can be stated briefly. The appellant, Abramson, brought this action in his capacity as court appointed trustee in the bankruptcy of Frank L. Johnson and Nina P. Johnson. The appellee, Lakewood Bank, is a Dallas bank. The bankrupts owned seventy-three acres of land in Kaufman County, Texas. In August of 1975, the bankrupts borrowed $74,000 on an installment loan. This loan was secured by a conventional deed of trust in favor of the bank on the seventy-three acres.
The deed of trust was recorded by the bank on August 5, 1975. When the bankrupts were unable to fulfill their financial obligations to the Lakewood Bank, a foreclosure sale was held on August 3, 1976, at which time the Lakewood Bank, through its agent Louis McClain, purchased the property for $65,000 cash. At the time of the foreclosure sale, the bankrupts owed approximately $71,000 on the mortgage. On February 24, 1977, the Johnsons filed a petition to be adjudicated bankrupt in the United States Bankruptcy Court for the Northern District of Texas.
The Trustee brought this action in March, 1978, to have the August, 1976, foreclosure sale declared a fraudulent transfer under § 67(d) of the Bankruptcy Act. While the deed of trust had been executed more than one year prior to the date of the filing of the bankruptcy petition, the actual foreclosure sale occurred less than seven months before the filing. Section 67(d)(2) provided that “[ejvery transfer made and every obligation incurred by a debtor within one year prior to the filing” of the bankruptcy petition “is fraudulent ... as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent.” 11 U.S.C. § 107(d)(2) (1966) (current version at 11 U.S.C. § 548(a) (1978)) (emphasis supplied).
In granting summary judgment for the Lakewood Bank, the district court held that for purposes of the Bankruptcy Act, there was only one “transfer” in this case and that it “occurred at the latest on August 5, 1975, more than 18 months prior to the adjudication of bankruptcy.”
More than a year after the issuance of the district court’s ruling in the Abramson case, this court of appeals decided the remarkably similar case of Durrett v. Washington National Insurance Co., 621 F.2d 201 (5th Cir. 1980). As to the narrow issue before us on this appeal, i. e., whether the bank’s non-judicial foreclosure sale constituted a “transfer” within the meaning of the Act, we consider the holding in Durrett as controlling.
The word “transfer” was defined in Section 1 of the Act as including:
the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor.
11 U.S.C. § 1(30).[2]
In Durrett, this court held that a Texas non-judicial foreclosure sale constituted a *549 transfer within the meaning of § 67(d). There, a deed of trust to secure debt had been executed in 1969. In January, 1977, some nine days prior to the debtor’s filing for bankruptcy, the trustee in the deed of trust sold the property at a non-judicial foreclosure sale as authorized by the deed of trust and Texas law. The debtor in possession under Chapter XI of the Bankruptcy Act brought suit to set aside the sale of the property as a voidable transfer.
In considering whether the foreclosure sale was a “transfer” made by the debtor in possession, a panel of this court set forth the definition of “transfer” and wrote:
The comprehensive character of this definition leads us to conclude that the transfer of title to the real property of the debtor in possession pursuant to an arrangement under Chapter XI of the Act, by a trustee on foreclosure of a deed of trust, to a purchaser at the sale constitutes a “transfer” by debtor in possession within the purview of section 67(d). The actual transfer of title was made by Dur-rett to Fields, as trustee, via the deed of trust, executed April 7, 1969, to secure an indebtedness then owing to Southern and thereafter assigned to Washington. Possession of the property was retained by Durrett subject to the power of the trustee to sell and deliver possession of the property, on default, at a foreclosure sale. While the actual conveyance of title by Durrett was made on April 7, 1969, possession was retained until foreclosure of the deed of trust. The “transfer” within the contemplation of the Act, was not final until the day of the foreclosure sale, January 4, 1977. This was accomplished within the one-year period provided by section 67(d)(2), 11 U.S.C. § 107(d)(2).
Durrett v. Washington National Insurance Co., 621 F.2d at 204.
Accordingly, the foreclosure sale of the Johnsons’ seventy-three acres was also a transfer within the meaning of the Act. As this transfer occurred within the one-year period, it is subject to being set aside as fraudulent if it was made without fair consideration. Therefore we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.

. The foreclosure sale of the property under attack here occurred August 3, 1976. Appellant filed a petition under Chapter XI of the Bankruptcy Act on February 24, 1977. Sec. 403(a) of Pub.L.No.95-598, Title I (Nov. 6, 1978), 92 Stat. 2549 provides as follows:
A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [Pub.L. 95-598] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.
Since the events giving rise to this lawsuit occurred before the effective date of the new Bankruptcy Act the rights of the parties herein *548 are governed by “repealed Title XI.” When reference is made in this opinion to the “Act” or the “Bankruptcy Act” this same shall refer to “repealed Title XI.”

. The current version of the definition of transfer is located at 11 U.S.C. § 101(40):
*549 “transfer” means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.