**In the Matter of Steven D. WRIGHT and Anna M. Wright, Debtors.**

**Steven D. WRIGHT and Anna M. Wright, Plaintiffs,**

**v.**

**AFFILIATED HOME CENTERS, INC., a/k/a Cavin Rudisill Company, a Michigan Corporation, Defendant.**

**Bankruptcy No. HK 80 03341.
Adv. No. 81 0091.**

United States Bankruptcy Court, W. D. Michigan.

Dec. 7, 1981.

Edward Read Barton, Allegan, Mich., for plaintiffs.

Stanley, Davidoff & Gray, Kalamazoo, Mich., for defendant.

## LACK OF CONSIDERATION—FRAUDULENT TRANSFER

### OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. The facts as alleged by Plaintiffs are as follows:

In July, 1977, defendant, Affiliated Home Centers, Inc., received a judgment in the 57th District Court of the State of Michigan against F. L. Wright & Sons Construction, Inc., a Michigan corporation of which plaintiff/debtor Steven Wright was a director and shareholder. When defendant sought to collect on its judgment, plaintiffs, Steven and Anna Wright sought to delay the collection efforts by executing a note and mortgage for the judgment amount in defendant's favor on April 23, 1980. Plaintiffs filed a Chapter 13 proceedings in August of 1980. Defendant is scheduled as a disputed secured creditor. Plaintiffs have brought this action to set aside the note and mortgage so that defendant can be treated in the debtors Chapter 13 plan as an unsecured creditor of the corporation only. Defendant has moved for summary judgment.

The essence of Plaintiffs' complaint is an allegation of a lack of consideration for the mortgage. It is argued that because the debtors were not personally liable for the corporate debt, no benefit passed to them in exchange for their granting the mortgage. This position was rejected by the Michigan Supreme Court in the case of *Chris Nelsen & Son, Inc. v. Shubow*, 374 Mich. 403, 132 N.W.2d 122 (1965) cited by Defendant. In *Nelsen & Son*, defendant corporate officers sought to avoid personal liability on certain

notes given by them for a corporate debt. One of the defenses raised was the lack of consideration. This was rejected by the court:

"[The lower court] stated that the testimony clearly indicated that defendants' corporations were unable to pay what they owed under the contract and that in consequence and for that reason defendants gave the notes. This, said the court, benefited the corporations and thus also their officers and stockholders, among which defendants were numbered ... The court considered that the note arrangement lent enhancement or protection to defendants' corporate interests and that this constituted adequate consideration for their promises. In all the above particulars we think the court's reasoning as to the existence and adequacy of consideration and its decision were correct." 374 Mich. at 407, 132 N.W.2d 122.

■ In reaching this conclusion the court in *Nelsen & Sons* applied the more general principle that the benefit constituting consideration need not flow directly to the obligor. See *McPherson v. DeConick*, 272 Mich. 578, 582, 262 N.W. 415 (1935); *Davis v. Yellow Manufacturing Acceptance Corp.*, 242 F.2d 503, 505 (6th Cir. 1957). In the present action the fact that the benefit of forbearance from collection on the State Court Judgment passed to Mr. Wright's corporation rather than debtors personally does not support a finding of a lack of consideration for the note and mortgage.

Plaintiff further argues that the transfer of the note and mortgage was fraudulent under 11 U.S.C. § 548. This court finds, however, that this argument is not supported by allegations of fact in the pleadings. 11 U.S.C. § 548(a) states:

"(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

■ Plaintiff suggest that this was an obligation incurred "with actual intent to hinder, delay, or defraud any entity to which the debtor was ... indebted," and therefore voidable under 11 U.S.C. § 548(a)(1). In support of this position debtor cites to the court the case of *In re Stratton*, 8 B.R. 674, 3 C.B.C.2d 960 (Bkrtcy. D.S.D.1981). In *Stratton* the transfer of a mortgage to a creditor in exchange for forbearance from collection efforts was held to be fraudulent under 11 U.S.C. § 548(a)(1). The court reasoned that debtor/plaintiffs made the transfer with actual intent to delay the transferee of the mortgage in the collection of a debt, bringing the transfer within the purview of § 548(a)(1). This court chooses not to follow *Stratton*. The delay of creditors which § 548 is directed at would not, in this court's view, include voluntary forbearance from debt collection by a creditor in exchange for the granting of security. Furthermore, one might question the *Stratton* court's permitting a debtor to challenge his own voluntary transfer as fraudulent when the avoidance would inure to the benefit of the debtor rather than creditors.

■ The other case cited by Plaintiff is not on point. In *Abramson v. Lakewood*

*Bank and Trust Company,* 647 F.2d 547 (5th Cir. 1981) the 5th Circuit Court of Appeals held that the foreclosure of a mortgage constituted a transfer of property which might be fraudulent under 11 U.S.C. § 548(a)(2) if it was without adequate consideration. *Abramson* adds nothing to Plaintiffs position, however, because the fact that a transfer occurred is undisputed. The issue faced by this court is whether, given that a transfer has occurred, there is any reason that that transfer should be set aside as fraudulent. The court is not persuaded that the facts alleged would support a finding of fraudulent intent under 548(a)(1) nor has plaintiff pleaded any of the grounds set forth in § 548(a)(2) to avoid the transfer. Therefore Defendant's motion for Summary Judgment must be granted.

In their amended complaint the debtors allege that the rate of interest charged was usurious. This issue was not raised at the pre-trial conference nor in the motion for Summary Judgment or hearing thereon. The debtors will be permitted to raise this issue as an objection to the amount of Defendant's claim and Defendant may respond as it deems appropriate.