In re Delbert L. ALSOP and Nancy
E. Alsop, Debtors.

Delbert L. ALSOP and Nancy E.
Alsop, Plaintiffs,

v.

STATE OF ALASKA, COMMISSIONER
OF REVENUE For the PUBLIC EM-
PLOYEES RETIREMENT FUND, and
the First National Bank of Anchorage,
Defendants.

No. A 81–545 Civil.

United States District Court,
D. Alaska.

May 5, 1982.

Albert Maffei, Maffei, Inc., Anchorage, Alaska, for plaintiffs.

John R. Beard, Beard & Lawer, Anchorage, Alaska, for defendants.

MEMORANDUM AND ORDER

FITZGERALD, District Judge.

This appeal presents a single issue of law: does a non-judicial foreclosure of a deed of trust constitute a transfer within the meaning of 11 U.S.C. § 101? The bankruptcy judge held that it does not and this appeal followed. The facts of the case are not in dispute and are well set out in the decision of the bankruptcy judge. 14 B.R. 982. This court has jurisdiction under 28 U.S.C. § 1334.

Appellants rely on two recent cases from the Fifth Circuit, *Abramson v. Lakewood Bank and Trust Co.,* 647 F.2d 547 (5th Cir. 1981), and *Durrett v. Washington National*

*Insurance Co.,* 621 F.2d 201 (5th Cir. 1980), for their contention that a non-judicial foreclosure constitutes a transfer. These two decisions, however, are inconsistent with the rationale of a Ninth Circuit case, *Evans v. Valley West Shopping Center, Inc.,* 567 F.2d 358 (9th Cir. 1978).

In *Evans* a landlord had obtained a judgment for past rent due and attorney's fees on March 20, 1975. The judgment was paid on March 27, 1975. Four days later the tenant filed a voluntary petition in bankruptcy and the trustee then moved to set the payment aside as a voidable preferential transfer. The Ninth Circuit held that the payment was not itself a transfer. The transfer occurred when the landlord's lien attached to the property and became perfected. *Id.* at 360. Both the judgment that was obtained and its satisfaction were merely means for enforcing the pre-existing lien.

Although *Evans* concerned a landlord's lien and a claimed preferential transfer, the rationale of the case is equally applicable to the deed of trust and alleged fraudulent transfer in this case. *Evans* relied on section 60(a)(2) of the old bankruptcy act which provided that

> a transfer of property ... shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee.

Under the new act, a transfer for purposes of the fraudulent transfer provisions is deemed to have been made

> when such transfer becomes so far perfected that a bona fide purchaser from the debtor against whom such transfer could have been perfected cannot acquire an interest in the property transferred that it is superior to the interest in such property of the transferee ...

11 U.S.C. § 548(d)(1). Under Alaska law, a deed of trust becomes perfected against subsequent bona fide purchasers when it is recorded. A.S. § 34.15.290. The deed of

trust in this case was recorded on November 8, 1978 and the petition was not filed until August 27, 1980, some 21 months later. The transfer in this case, therefore, occurred when the deed of trust was recorded and was not within the year preceding the filing of the bankruptcy petition.

The decision of the bankruptcy judge is AFFIRMED.

ORDERED ACCORDINGLY.