FARRIS, Circuit Judge,
concurring:
I agree with the majority that the nonjudicial foreclosure sale of Madrid’s home was not a voidable transfer, but our reasons for the result differ. Madrid seeks to set aside the sale as a fraudulent conveyance under 11 U.S.C. § 548. Section 548 forbids two kinds of fraudulent transfers, those with intent to defraud and those where no intent need be shown because the inadequacy of consideration leads to an irrebutable presumption of fraud. Madrid proceeds under the second theory, contained in the following portions of § 548:
(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—
[[Image here]]
(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.
The problem with Madrid’s argument is that she did not transfer the property. After she defaulted, the foreclosure proceeded without her participation or consent. I recognize that the definition of “transfer” at 11 U.S.C. § 101(41) (West Supp.1983) includes “involuntary” transfers, but § 548 permits the trustee to set aside a transfer “if the debtor ... received less than a reasonably equivalent value” (emphasis added). This language contemplates that the debtor was the seller or otherwise participated in the transaction.
The power to set aside transfers for less than “reasonably equivalent value” is an outgrowth of the prohibition against fraudulent conveyances by debtors. Congress created an irrebutable presumption of fraud in certain cases of insufficient consideration. One cannot presume fraud by the debtor in a transaction where the debtor was not a party. Section 67(d) of the prior Bankruptcy Act, virtually identical in all substantive respects to the present § 548, applied only to “transfers made ... by debtors.” If the language of § 548 does not reflect the debtor’s active role as clearly as that of its predecessor, the purpose and origin of the present statute give clarity of meaning to phrases that might otherwise be ambiguous. I would therefore hold that only transfers where the bankrupt was a *1204 participant can be set aside for absence of “reasonably equivalent value.”[1]
The majority opinion would also find no voidable transfer here. It states that the transfer occurred when Madrid signed the deed of trust 15 months before filing for bankruptcy. Section 548 does not permit the trustee to set aside transfers made more than one year before filing for bankruptcy. The flaw in this approach is its assumption that there can be only one transfer. The debtor who gives a creditor a security interest in his property — a transfer for § 548 purposes if the security interest is sufficiently perfected under § 548(d)(1) — often retains an interest in the property, such as possession, that can be transferred at a later date. As I understand the majority’s rationale, such subsequent transfers would not be covered, even if effected with actual intent to defraud. Section 548(d)(1), relied upon by the majority, does not support the “one transfer” rule. That section addresses the problem of secret transfers by refusing to recognize transfers that are not sufficiently open to be valid against bona fide purchasers.
The majority’s rationale sweeps more broadly than I believe necessary or desirable. I would hold that § 548 cannot be used to set aside transfers where the debtor was not a participant. I agree that we should affirm the bankruptcy appellate panel.

. The Fifth Circuit has taken a different view in Durrett v. Washington National Insurance Co., 621 F.2d 201 (5th Cir.1980) and Abramson v. Lakewood Bank and Trust Co., 647 F.2d 547 (5th Cir.1981). I agree with the dissenting judge in Abramson that “Durrett is simply wrong in its holding that a foreclosure is a transfer within the meaning of § 67d [of the prior bankruptcy act].” Id. at 549.