In re Roger Dean STRAUSER and Grace Magdaline Strauser, Debtors.

Roger Dean STRAUSER and Grace Magdaline Strauser, Plaintiffs,

v.

VETERANS ADMINISTRATION, et al., Defendants.

Bankruptcy No. 82–02563.
Adv. No. 83–0295.

United States Bankruptcy Court, N.D. Ohio, W.D.

June 26, 1984.

Randy L. Reeves, Thomas R. Kuhn, Lima, Ohio, for plaintiffs.

John F. Moul, St. Marys, Ohio, for Veterans Administration.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of the defendant Veterans Administration for summary judgment as against plaintiffs' complaint to avoid an allegedly fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(2). The Court holding that the consideration received for the property at a non-collusive and regularly conducted judicial foreclosure sale was "reasonably equivalent value" under § 548(a)(2)(A) as a matter of law, plaintiffs' claim should be dismissed.

## FINDINGS OF FACT

The facts underlying this controversy have been stipulated by the parties as follows:

1. On August 14, 1977, Roger D. Strauser and Grace M. Strauser were the fee simple owners of Lot Number Ninety-five (95) in E.G. Atkinson's Addition to the Village of Waynesfield, Auglaize County, Ohio.

2. On August 4, 1977, Roger D. Strauser and Grace M. Strauser executed a Mortgage Note to the Columbus First Mortgage Company in the amount of $27,500.00.

3. On August 4, 1977, Roger D. Strauser and Grace M. Strauser executed a Mortgage Deed to the Columbus First Mortgage Company on Lot Number Ninety-five (95) in E.G. Atkinson's Addition to the Village of Waynesfield, Auglaize County, Ohio, to secure their Mortgage Note of even date.

4. The aforesaid Note and Mortgage were assigned to the First Family Mortgage Corporation.

5. On December 8, 1981, the First Family Mortgage Corporation filed its Complaint in the Auglaize County Common Pleas Court against Roger D. Strauser and Grace M. Strauser on the aforesaid Note and Mortgage seeking judgment in the amount of $26,664.53 as well as foreclosure of the Mortgage.

6. Judgment was rendered by the Auglaize County Common Pleas Court in favor of the First Family Mortgage Corporation against Roger D. Strauser and Grace M. Strauser, and the property secured under the aforesaid Mortgage was ordered sold.

7. The subject property was duly appraised, for $25,334.00, advertised for sale and sold by the Auglaize County Sheriff at public sale, all in accordance with Ohio law.

8. The subject property was sold on April 15, 1982, to the First Family Mortgage Corporation for $16,890.00, being at least two-thirds of the appraised value.

9. The sale was duly confirmed by the Auglaize County Common Pleas Court on May 13, 1982. On that same date, the First Family Mortgage corporation for consideration assigned its successful bid for the property to the Administrator of Veterans Affairs.

10. The Sheriff of Auglaize County subsequently delivered his Deed for the subject property to the Administrator of Veterans Affairs, and said Deed was recorded with the Auglaize County Recorder on October 7, 1982.

11. On December 7, 1982, Roger Dean Strauser and Grace Magdaline Strauser filed their Chapter 13 Petition in this court.

## DISCUSSION

▇▇ Plaintiffs allege that the foreclosure and sale of their property on May 13, 1982 for $16,890.00 when it was appraised at $25,334.00 rendered the sale voidable as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(2) which provides as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

In effect, plaintiffs assert that anytime property is sold at less than its appraised value at sheriff's sale it should be conclusively presumed that the debtor "received less than a reasonably equivalent value in exchange for such transfer" satisfying the test of § 548(a)(2)(A). Contrawise, defendant asserts that it should be conclusively presumed that the proceeds received from a non-collusive and regularly conducted

foreclosure sale are "reasonably equivalent value" under § 548(a)(2)(A). *Lawyers Title Ins. Corp. v. Madrid (In re Madrid)*, 21 B.R. 424 (Bankr.App. 9th Cir.1982), *aff'd on other grounds*, 725 F.2d 1197 (9th Cir. 1984). This Court agrees with and follows the latter reasoning.

While plaintiffs have submitted no authority in support of their contention, the Court is aware that a somewhat similar view has found acceptance by the United States Court of Appeals for the Fifth Circuit in *Durrett v. Washington Nat'l Ins. Co.*, 621 F.2d 201 (1980). *See also, Abramson v. Lakewood Bank & Trust Co.*, 647 F.2d 547 (5th Cir.) (per curiam), *cert. denied*, 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1981) (*Durrett* holding that a nonjudicial foreclosure sale was a transfer within the purview of § 67(d) of the Bankruptcy Act followed). In *Durrett*, the court held that a foreclosure sale, held nine days before the debtor's Chapter XI petition, of a deed of trust recorded seven years earlier should be set aside under section 67(d) of the former Bankruptcy Act because the price paid at the foreclosure sale, less than 70 percent of the fair market value of the property, was less than the "fair equivalent" for the transfer of the property. 621 F.2d at 203. Since § 548(a)(2)(A) is the successor to section 67(d) of the Act, tracking it in its essential respects, the question becomes whether the *Durrett* holding, that a price of less than 70 percent of fair market value is not "fair equivalent" for the transfer of property, should be similarly applied so that the price received in this case, which was two thirds of the appraised value of the property, should be conclusively presumed to be less than a "reasonably equivalent value" under § 548(a)(2)(A) of the Code. This Court holds that it should not.

In declining to follow the *Durrett* rule, the Ninth Circuit Panel in *In re Madrid, supra*, 21 B.R. at 427, noted the well-nigh universal rule, recognized by the courts of Nevada, that mere inadequacy of price alone does not justify the setting aside of an execution sale. *See generally, Annot.*, 5 ALR 4th 794 (1981). Generally, there must be in addition proof of some element of fraud, unfairness, or oppression accounting for the inadequacy of price. *In re Madrid, supra*, 21 B.R. at 427. *Accord, Ackerman v. Cornell*, 23 Ohio Cir.Dec. 102, 14 Ohio C.C. (n.s.) 525 (1912). *Cf., Ozias v. Renner*, 78 Ohio App. 168, 64 N.E.2d 326 (1945) (Mere inadequacy of price unaccompanied by any other reasons or cause not sufficient cause for setting aside regularly conducted judicial sale unless such inadequacy raises a conviction that the property was unnecessarily sacrificed.) As the panel in *Madrid* noted, following the Durrett holding would radically alter these rules. *Id.* Finally, the panel in *Madrid* concluded:

> The law of foreclosure should be harmonized with the law of fraudulent conveyances. Compatible results can be obtained by construing the reasonably equivalent value requirement of Code § 548(a)(2) to mean the same as the consideration received at a non-collusive and regularly conducted foreclosure sale. Thus, in the absence of defects, such foreclosure withstands avoidance as a fraudulent conveyance.

21 B.R. at 427. This Court agrees with and follows the reasoning of the Bankruptcy Appellate Panel in *Madrid* and holds that the consideration received at a non-collusive and regularly conducted foreclosure sale should be conclusively presumed to constitute "reasonably equivalent value" under § 548(a)(2)(A) and, therefore, defendant's motion for summary judgment should be granted.

■ In light of the foregoing, it is perhaps unnecessary to consider the further question of when the "transfer" occurred under § 548. The controlling precedent in the fifth circuit in *Durrett v. Washington Nat'l Ins. Co., supra*, 621 F.2d 201 and *Abramson v. Lakewood Bank & Trust Co., supra*, 647 F.2d 547, conflicts with that of the United States Court of Appeals for the Ninth Circuit in *Madrid v. Lawyers Title Ins. Corp. (In re Madrid)*, 725 F.2d 1197 (1984), on this question however and, in view of potentially dispositive nature of the resolution of this issue in cases under

§ 548, the Court feels constrained to address this question also.

Both *Durrett* and *Abramson* held that the day of the foreclosure sale was date of the "transfer" under section 67(d) and, therefore, notwithstanding the fact that the deeds of trust in those cases were taken and perfected more than one year before the date of the filing of a petition in bankruptcy, the transfers were held to be voidable. *Durrett, supra,* 621 F.2d at 204; *Abramson, supra,* 647 F.2d at 549. In *Madrid* however, the ninth circuit found that the time of the transfer was not the time of the foreclosure sale but when the creditor's security interest was perfected under Nevada state law. 725 F.2d at 1200. Since this occurred more than one year before the date of the filing of the petition, the transfer was outside the period stated in § 548.

As the court in *Madrid* noted, *Durrett* relied upon the extremely broad definition of transfer set out in section 1(30) of the Act and ignored the provisions of section 67(d)(5), the precursor to § 548(d)(1), which defines the time of the transfer. 725 F.2d at 1201. Section 548(d)(1) provides:

> For the purposes of this section, a transfer is made when such transfer becomes so far perfected that a bona fide purchaser from the debtor against whom such transfer could have been perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer occurs immediately before the date of the filing of the petition.

Accordingly, under § 548(d)(1), the time of the transfer in *Madrid* was held to occur upon the proper execution and recordation of the deed of trust under Nevada state law. 725 F.2d at 1200. *Accord, Alsop v. Alaska (In re Alsop),* 22 B.R. 1017 (D.Ala. 1982). As the court in *Madrid* concluded, agreeing with the dissenting opinion of Justice Thomas A. Clark in *Abramson,* 647 F.2d at 549, a foreclosure sale is not a transfer by a debtor under former § 67(d) of the Act or § 548(a) of the Code, but an involuntary conveyance triggered by the debtor's failure to fulfill some obligation in the promissory note secured by a mortgage or deed of trust. 725 F.2d at 1201–1202. *See generally,* Coppel and Kann, *Defanging Durrett: The Established Law of "Transfer",* 100 Banking L.J. 676 (1983). This Court agrees with and follows the reasoning of the ninth circuit in *Madrid* and holds that the transfer under § 548(a) occurs when the parties have done everything required under applicable state law to perfect the transfer as against a bona fide purchaser of the debtor as provided in § 548(d)(1).

In the present case, the parties have failed to stipulate as to the date the mortgage deed granted to Defendant's assignor was recorded in the appropriate county recorder's office. Until so recorded, under the law of Ohio, the mortgage does not take effect as against third parties. Section 5301.25 *Revised Code; Wayne Building & Loan Co. v. Yarborough,* 11 Ohio St.2d 195, 228 N.E.2d 841 (1967). Presuming the mortgage deed was recorded, however, on or about August 4, 1977, the date of execution of the mortgage, the transfer in this case would be deemed to have occurred on that same date pursuant to § 548(d)(1). If this was the case, the transfer would have occurred more than one year before the date of the filing of the instant Chapter 13 petition on December 7, 1982, and the transfer would not be avoidable under § 548(a). It thus appears that, apart from the question of "reasonably equivalent value" under § 548(a)(2)(A), the transfer in this case may not be avoided as having occurred on or within one year before the date of the filing of the petition.

In light of the foregoing, it is hereby,

ORDERED that the Defendant's motion for summary judgment be, and hereby is, granted. It is further,

ORDERED that Plaintiffs' complaint be dismissed with prejudice.