In re LOUIS L. LASSER & STANLEY M. KAHN, Partnership, Debtor.

In re Louis L. LASSER, Debtor.

LOUIS L. LASSER & STANLEY M. KAHN, Partnership, Plaintiff,

v.

ROBINS NEST DEVELOPMENT CORP., Weinco Realty Corp., the County of Nassau, and John V. Scadduto, as Treasurer of the County of Nassau, Defendants.

Louis L. LASSER, Plaintiff,

v.

ROBINS NEST DEVELOPMENT CORP., Weinco Realty Corp., the County of Nassau, and John V. Scadduto, as Treasurer of the County of Nassau, Defendants.

Bankruptcy Nos. 883–30840–20, 883–30841–20.

Adv. Nos. 885–0048–20, 885–0049–20.

United States Bankruptcy Court, E.D. New York, at Westbury.

April 30, 1986.

Alfred Jollon, Mineola, N.Y., for Village of Freeport.

Robert Bogle, Nassau County Attys. Office, Mineola, N.Y., for the County.

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y., for plaintiff.

## OPINION

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motions by defendants and cross-motions by debtors for summary judgment in this action to vacate the tax lien foreclosure on the debtors' real property. The court has extracted from the parties' verbiage, four issues:

(1) whether the debtors have stated a claim against defendants Robins Nest and Weinco;

(2) whether the debtors were insolvent at the time of the conveyance, and thus entitled under 11 U.S.C. § 548 to avoid the transfer of their property;

(3) whether 11 U.S.C. § 548 permits debtors in bankruptcy to avoid a transfer of title to a county for failure to pay taxes; and

(4) whether 11 U.S.C. § 548 violates the United States Constitution.

On the first two issues, questions of fact remain unresolved. Supreme Court precedents governing the second two issues support both the constitutionality of 11 U.S.C. § 548, and its application to foreclosure sales.

## FACTS

(1) On April 1, 1983, the County of Nassau took title to a parcel of debtors' real property pursuant to its tax lien because debtors owed delinquent taxes. The debtors argue that Nassau County took title without giving proper notice of debtors' right to redeem, and for inadequate consideration.

(2) The debtors filed petitions for bankruptcy on April 23, 1983.

(3) On June 27, 1984, Nassau County sold the subject property at a public auction to defendant Robins Nest.

(4) On December 21, 1984, Nassau County conveyed title to the property to defendant Weinco.

(5) On February 20, 1985 the debtors commenced adversary proceedings to avoid the County's foreclosure.

## DISCUSSION

### Existence of a Claim

■ In support of their motion for summary judgment, defendants allege that the debtors have failed to state a claim against Robins Nest and Weinco because: "at no time since December 21, 1984 has Defendant Robins Nest held or claimed any right, title or interest in the Lot 5 property." Apparently Weinco waives no rights, so the debtors' complaint against him should not be summarily dismissed. The facts indicate that Robins Nest acquired an interest in the property on June 27, 1984. Therefore, the rights of Robins Nest in the subject property before December 21, 1984 are in dispute, and dismissal of that complaint must be denied as well.

### Debtors' Insolvency at the Time of Transfer

■ 11 U.S.C. § 548(a) allows debtors in bankruptcy to avoid certain transfers of property provided the debtor:

... *was insolvent* on the date that such transfer was made ... *or became insolvent* as a result of such transfer.

(Emphasis added). 11 U.S.C. § 548(a)(2)(B)(i). The defendants contend that the debtors were not insolvent on the date of the foreclosure because the debtors' bankruptcy schedules show more assets than debts. The debtors, in opposition, assert that their schedules are unreliable as proof of insolvency because unpredictable factors have rendered the schedules incorrect. For example, say the debtors, the "Bedell Street Property" which was valued at $900,000 sold for only $600,000, and the "10–12 Brooklyn Avenue Property" which was valued at $300,000 yielded no offers larger than $150,000.

The debtors valuations on their schedules, although wrong, were presumably made in good faith. Accordingly, the court will not preclude additional evidence, and consequently, the court cannot make a summary judgment that the debtors were solvent at the time of the transfer.

### Foreclosures Under 11 U.S.C. § 548

■ Defendants argue that even if the debtors were insolvent, they cannot attack the foreclosure for failure to pay taxes, because under New York state law, the new title created by the county was an original title in fee simple absolute. Unfortunately for the defendants, the issue of whether a transfer is voidable under 11 U.S.C. § 548 is controlled by federal law. *McKenzie v. Irving Trust,* 323 U.S. 365, 369–370, 65 S.Ct. 405, 407–408, 89 L.Ed. 305 (1945); *See In re Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir.1985); *In re Hulm,* 738 F.2d 323, 326 (8th Cir.1984); *In re Madrid,* 725 F.2d 1197 (9th Cir.1984); *Abramson v. Lakewood Bank and Trust Co.,* 647 F.2d 547 (5th Cir.1981); *Durret v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir.1980).

At the time of the transfer in this case, 11 U.S.C. § 548(a) provided that the debtors:

> ... may avoid *any transfer* of an interest of the debtor in property ... that was made ... within one year before the filing of the petition ... if the debtor received less than a reasonable equivalent value.

(Emphasis added). In turn, 11 U.S.C. § 101(48) defines "transfer" as:

> ... every mode ... voluntary or *involuntary,* of disposing of or parting with property ..."

(Emphasis added). Four Circuits have ruled on the issue of whether an involuntary foreclosure sale is a voidable transfer. Both the Eighth and Fifth Circuits held that foreclosures are "transfers" under 11 U.S.C. § 548 because the Bankruptcy Code definition of "transfer" under 11 U.S.C. § 101(48) included involuntary transfers. *In re Hulm,* 738 F.2d 323, 326; *In re*

*Durret,* 621 F.2d 201, 204. In contrast, the Sixth Circuit followed the Ninth Circuit *Madrid* case which held despite the Code's definition of transfer, that foreclosures are not voidable under 11 U.S.C. § 548. The *Madrid* court reasoned that 11 U.S.C. § 548 did not explicitly state in its text that involuntary transfers are covered, and that policy considerations dictate that involuntary transfers should not be voidable. *In re Madrid,* 725 F.2d 1197, 1202.

After the *Madrid* decision, the 1984 amendments to the Bankruptcy Code reiterated in the text of 11 U.S.C. § 548(a) the Code's definition of transfer:

> The trustee may avoid any transfer of an interest of the debtor in property that was made within one year before the date of the filing of the petition, if the debtor *voluntarily or involuntarily* ... received less than a reasonably equivalent value."

(Emphasis added.) In light of the 1984 amendments, the Ninth Circuit recently reversed *Madrid. In re Verna,* 58 B.R. 246, 14 B.C.D. 7 (1986). Although the 1984 amendments were enacted after the sale of the property in this case, the court follows the Fifth and Eighth Circuit holdings that the Bankruptcy Code's definition of transfer in 11 U.S.C. § 101(48) allows avoidance of involuntary transfers under 11 U.S.C. § 548.

*United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 disposes of defendants' argument that tax foreclosures are exempt from any Bankruptcy Code allowance for avoidance of involuntary transfers:

> Nothing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien.

The Internal Revenue Service in *Whiting Pools'* seized the debtor/taxpayer's property, but did not take title, and the debtor recovered the property by a turnover proceeding under 11 U.S.C. § 542. In this case, the County took title, which cut off

the debtors' right to possession. Therefore, the debtors could not challenge the County's interest by a mere turnover proceeding, but had to commence a fraudulent conveyance action. Fortunately for the debtors, the *Whiting Pools* case recognizes a debtor's right to commence against tax collectors, not only turnover proceedings, but fraudulent conveyance actions and preference actions as well. All of these actions are permitted according to *Whiting Pools* by the trustee's power to include property in the estate under 11 U.S.C. § 541(a), 103 S.Ct. 2309, 2313–2314.

### Constitutionality of 11 U.S.C. § 548

■ The court in *Whiting Pools* cited with approval its earlier decision in *Wright v. Union Central Life Insurance Co.* [1] for the principle that Congress through the Bankruptcy Code, may properly grant to bankruptcy estates a possessory interest in property not held by the debtor. 103 S.Ct. 2309, 2314. In *Wright,* the court found that a Bankruptcy Act provision allowing avoidance of a sheriff's foreclosure sale of real property did not violate the fifth amendment. 311 U.S. 273, 278–279, 61 S.Ct. 196, 199–200. Since the *Whiting* court cited *Wright* with approval, this court presumes that debtors' fifth amendment argument is spurious. The County's power to transfer title is subject to the power of Congress, and impliedly 11 U.S.C. § 548 was written into any transferred title.

### Relief Granted

The parties collectively assert twenty two claims for summary judgment. To the extent they believe this Opinion grants them their relief, they may settle orders upon each other.

1. 311 U.S. 273, 278–279, 61 S.Ct. 196, 199–200, 85 L.Ed. 184 (1936).