**GABRIEL RIDE CONTROL PRODUCTS, INC.,**
Plaintiff–Appellee,

v.

**WOLVERINE AUTO SUPPLY, INC.,** formerly known as Buckeye Undercar Supply Co., Inc.; Top Valve Exhaust Systems, Inc.; Defendants,

**Bill Hartsock, Jr., Defendant–Appellant.**

No. 00–1298.

United States Court of Appeals,
Sixth Circuit.

May 15, 2002.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Defendant Bill Hartsock, Jr. appeals the district court's order, following a bench trial, awarding judgment to the plaintiff, Gabriel Ride Control Products, Inc., in this breach of contract action. Hartsock assigns as error the district court's conclusions that the guaranty at issue in this case was his personal guaranty of the existing and future indebtedness of his companies, Top Value Exhaust Systems, Inc., Buckeye Undercar Supply Company, Inc. and Wolverine Auto Supply, Inc.; that a faxed copy of the guaranty was admissible in evidence; and that evidence of a prior personal guaranty Hartsock had signed was admissible in evidence. Before us, Hartsock raises the additional claim that the guaranty was not supported by adequate consideration.

After carefully reviewing the record, the applicable law and the parties' briefs, we are satisfied that the district court's find-

ings of fact are not clearly erroneous, and that the court's order carefully and correctly sets out the law governing the issues raised before that court and clearly articulates the reasons underlying its decision. The issuance of a full written opinion by this court would serve no useful purpose, and we will affirm the judgment of the district court for the reasons stated in the district court's opinion. We will, however, make one additional observation with regard to Hartsock's objection to the admission into evidence of the faxed copy of the guaranty, and we will specifically address Hartsock's claim that the guaranty was not supported by adequate consideration.

■ Although the district court explicitly ruled on Hartsock's objection to the admission of the faxed copy of the guaranty under Rule 1004 of the Federal Rules of Evidence, it did not directly address Hartsock's claim that the faxed copy should have been excluded under Rule 1003 of the Federal Rules of Evidence as well. We agree with the implicit conclusion of the district court that this claim is without merit. Although Hartsock clothes his objection to the admission of this evidence in terms of the document's authenticity, the substance of his objection is not that the guaranty is not authentic. Hartsock does not contest that this is the guaranty the plaintiff's agent prepared and asked him to sign. Hartsock's objection is that although he signed this guaranty, someone altered it after he signed it and then faxed the altered instrument to the plaintiff. The district court correctly found that there was no evidence that Gabriel Ride, the proponent of the evidence, lost or destroyed the original guaranty in bad faith. We note that there is in fact no evidence that Gabriel Ride lost or destroyed the original at all; there is considerable evidence, however, that the last persons to have possession of the guaranty were Hartsock and his agents. We find no error in the district court's conclusion that the faxed copy of the guaranty was admissible.

■ Hartsock points to nothing in the record to indicate that he raised before the district court his claim that the guaranty was not supported by adequate consideration. The district court's opinion, however, contains the explicit findings that Top Value, Buckeye and Wolverine were in arrears on their payments to Gabriel Ride, that Gabriel Ride had stopped shipping product to the companies, and that after Gabriel Ride received the fax of the guaranty, Gabriel Ride resumed shipments to the companies. Those findings are not clearly erroneous, and indeed, are amply supported by the record. It is likewise clear that this guaranty was supported by adequate consideration. Hartsock's companies owed Gabriel Ride in excess of a half million dollars when Gabriel Ride agreed to accept Hartsock's personal guaranty of that debt and any future extensions of credit. It was only upon receipt of the fax of the guaranty that Gabriel Ride resumed shipments of product to those companies. This is sufficient consideration under Michigan law. *See United States v. Brown,* 833 F.Supp. 625, 629 (E.D.Mich. 1993); *see also Chris Nelsen & Son, Inc. v. Shubow,* 374 Mich. 403, 132 N.W.2d 122, 124 (Mich.1965). This assignment of error is without merit.

Accordingly, we AFFIRM the judgment of the district court.